IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MEGAN BROWNING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-00889-SRB |
| | ) | |
| ANHEUSER-BUSCH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Anheuser-Busch, LLC's ("AB") Motion to Stay and Transfer to the Eastern District of Missouri Under 28 U.S.C. § 1404. (Doc. #28.) For the reasons discussed below, the motion is DENIED.

### I. BACKGROUND

Plaintiffs Megan Browning ("Browning") and Allen Kesselring ("Kesselring") filed this class action suit against AB in the Western District of Missouri ("Western District"). Plaintiffs assert various claims arising out of AB's alleged false and misleading advertising and packaging of certain beverages (the "Products"). AB now moves to transfer this case to the Eastern District of Missouri ("Eastern District") pursuant to 28 U.S.C. § 1404. Plaintiffs oppose the motion.

### II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).[1] Factors to be considered by the Court include: "the convenience of the parties, the convenience of the

---

[1] Defendant argues, and Plaintiffs do not dispute, that this case could originally "have been brought" in the Eastern District of Missouri. *See* 28 U.S.C. § 1404(a).

witnesses, . . . the accessibility to records and documents, [and] the location where the conduct complained of occurred[.]" *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997) (numeral omitted). The relevant "interest of justice" factors include: "judicial economy, the plaintiff's choice of forum, [and] the comparative costs to the parties of litigating in each forum[.]" *Id.* (numerals omitted). "[C]onsiderable deference [is given] to a plaintiff's choice of forum[.]" *Id.* at 695. The movant must show "the balance of factors strongly favors transfer." *Medicine Shoppe Int'l, Inc. v. Tambellini*, 191 F. Supp. 2d 1065, 1069 (E.D. Mo. 2002).

### III. DISCUSSION

#### A. Balance of Convenience

Regarding the convenience of the parties and witnesses, Browning resides in the Western District and Plaintiffs chose to file suit in the Western District. While Kesselring resides in the Eastern District, his choice of the Western District creates a presumption that it is convenient for him. Conversely, AB and some of its employee-witnesses reside in the Eastern District. However, a significant number of employee-witnesses also reside in New York. While AB argues its New York employees could work at its headquarters in St. Louis, the same work displacement would be felt on Browning should transfer occur.[2] The convenience of the parties and witnesses factor is neutral and thus does not weigh in favor of transfer.

Regarding the accessibility of records, the parties agree most records will be electronic, making the accessibility of records and associated costs independent of this case's location. Any originals, should they be needed, will be found in both districts and New York. As for the location where the complained-of conduct occurred, Browning purchased the Products and the

---

[2] No nonparty witnesses have yet been identified. Plaintiffs argue Alcohol Tax & Trade Bureau ("TTB") representatives may be non-party witnesses, but the TTB is based in Washington, D.C. and not in the Eastern District. Thus, the consideration of nonparty witnesses favors neither forum.

2

alleged misrepresentation occurred in the Western District.  However, some of AB's conduct, including its advertisement and packaging decisions, likely occurred in the Eastern District and Kesselring purchased the Products in the Eastern District.  The Court finds this factor favors both forums.  Overall, the convenience factors weigh in favor of both forums and do not strongly support transfer.

## B. The Interest of Justice

On balance, the interests of justice in this case do not strongly favor transfer.  Regarding judicial economy, this case is already before the Court and a pending motion to dismiss is ripe for ruling.  Transfer will cause further delay and, contrary to AB's assertion, this Court has the capacity to preside over this case.  Plaintiffs' choice of forum is afforded considerable deference. *Terra Int'l*, 119 F.3d at 696.  AB accuses Plaintiffs of forum shopping, but this argument is unpersuasive given that significant conduct giving rise to this suit occurred in the Western District and Browning resides in the Western District.  Finally, the Court finds litigating in the Western District would not be more costly than the Eastern District.  Geographically, the districts are close and any travel costs and disruptions to work AB would save by transferring this case would merely be shifted to Plaintiffs.  On balance, the "interest of justice" factors favor the Western District.

Upon weighing the relevant factors, the Court finds AB fails to show transfer is proper.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that AB's Motion to Stay and Transfer to the Eastern District of Missouri Under 28 U.S.C. § 1404 (Doc. #28) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: May 4, 2021                                               UNITED STATES DISTRICT JUDGE