## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

MEGAN BROWNING, ALLEN KESSELRING,
TANYA COOPER, JOSEPH ROSE, TERRI
COLE, and JUDY SCATURRO, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

    vs.

ANHEUSER-BUSCH, LLC,

        Defendant.

Case No. 4:20-CV-00889-SRB

## DECLARATION OF TIM E. DOLLAR IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Tim E. Dollar, declare as follows:

1.     I am an attorney licensed to practice in the State of Missouri and the founding and managing partner of Dollar, Burns, Becker, & Hershewe L.C. ("DBBH"). My firm, along with Faruqi & Faruqi, LLP (collectively, "Class Counsel") represent Plaintiffs Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro ("Plaintiffs") in the above captioned action (the "Action"). I have personal knowledge of the matters set forth herein and would competently testify to them if called upon to do so.

2.     I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion").

3.     After defeating Defendant Anheuser-Busch, LLC's ("Defendant") motion to dismiss in this Action and the *Cooper* Action in New York, the Parties agreed to attend mediation with well-respected mediator Jack T. Bangert of Kutak Rock, LLP.

4.     Prior to the mediation, Plaintiffs served discovery requests and obtained discovery relating to, *inter alia*, sales and damages of the Products at issue.

5.     The first mediation session occurred on July 7, 2021, and lasted all day. However, the Parties were unable to reach a settlement that day.

6.     Subsequently, Plaintiffs continued to obtain relevant discovery and continued settlement discussions with A-B under the auspices of Mr. Bangert.

7.     The Parties were then ultimately able to reach a settlement in principle on the terms of recovery for the Settlement Class, and only thereafter scheduled a second mediation with Mr. Bangert to negotiate a cap on the amount of attorneys' fees and costs, and Class Representative Service Awards, that Class Counsel and Plaintiffs may seek, respectively.

1

8.      On December 21, 2021, the Parties attended the second mediation session, but were unable to reach agreement on caps. Subsequent to the second mediation, the Parties continued to negotiate under the auspices of Mr. Bangert.

9.      On July 18, 2022, the Parties executed the Settlement Agreement, attached hereto as **Exhibit A**.

10.     The Parties have not entered into any agreement that must be identified under Rule 23(e)(3) other than the Settlement Agreement.

### Qualifications of DBBH and Tim E. Dollar

11.     I am a founding partner of DBBH and have been practicing law for 38 years. I have recovered hundreds of millions of dollars in trial awards and settlements for clients against companies of all sizes. I have served as lead trial counsel in at least 280 jury trials, and as counsel in several class actions on behalf of consumers, including cases brought under the Missouri Merchandising Practices Act.

12.     In particular note, I have served as Chair of the leadership committee in *Foster v. L-3 Commc'ns EOTech, Inc.*, *et al*, No. 6:15-cv-03519 (W.D. Mo.), a consumer class action litigated in this District. My advocacy in the *Foster* action led to a class-wide settlement in which class members claimed millions of dollars in cash benefits. See *id.* at ECF No. 134. I have also been appointed Liaison Counsel in *In Re: Folgers Coffee Mktg. Litig*, No. 21-2984-MD-C-BP, an MDL challenging the deceptive labeling of Folgers ground coffee cannisters. *See id.* ECF No. 48.

13.     During the span of my legal career, I have been committed to seeking justice and representing my clients to the best of my ability. My trial and litigation expertise also include a $38.8 million verdict in Texas for personal injuries and wrongful death in a multi-vehicle, tractor-trailer crash, and a $37.5 million-dollar verdict in Jackson County, Missouri for personal injuries

2

to my client. I have also litigated and managed complex and high-profile cases, including prosecuting the Precious Doe cold case seven years after the murder of Erica Green. *State of Mo. v. Johnson*, No. 0516-CR02893. My trial experience has earned me the role of serving as contract assistant prosecutor for Jackson County for over 35 years under six separately elected prosecutors, as well as the Missouri Lawyers ICON award, an award given to distinguished attorneys in recognition of their exemplary careers and longstanding commitment to the Missouri legal community.

14.     I have also demonstrated an ethical and professional approach to my practice. Notably, I served on the Missouri lawyer's ethics committee for 6 years and have been the recipient of the Missouri Association of Trial Attorneys – Thomas G. Strong Trial Attorney Award, a distinct honor given to the Missouri Attorney who best exemplifies the qualities of professionalism, ethics, character, and courtroom success. I have also received the Lon O. Hocker Award, given only to those who demonstrate the utmost zealousness, honor, confidence, respect, courtesy, and trial skills. Lastly, I am a well-known and respected lecturer and published author and am often invited to speak about trial tactics.

15.     DBBH has vigorously and successfully pursued this litigation on behalf of the putative class, and if this action did not settlement, DBBH is prepared to continue to do so and commit the necessary resources.

16.     Given my extensive experience, including experience litigating consumer class actions, I was capable of assessing the likelihood of success, the damages potential, and inherent risks and expense of litigation. I fully endorse the Settlement as fair, adequate, and reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

//

3

DATED this 18th day of July 2022 at Kansas City, Missouri

Tim E. Dollar

4

# EXHIBIT A

**DOLLAR BURNS & BECKER, L.C.**
Tim E. Dollar, Missouri Bar No. 33123
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone: (816) 876-2600
Facsimile: (816) 221-8763
E-mail: timd@dollar-law.com

**FARUQI & FARUQI, LLP**
Benjamin Heikali (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: (424)256-2884
Facsimile: (424)256-2885
E-mail: bheikali@faruqilaw.com

*Attorneys for Plaintiffs and the Classes*

**DOWD BENNETT LLP**
James F. Bennett, Missouri Bar No. 46826
Hannah F. Preston, Missouri Bar No. 59296
Adam J. Simon, Missouri Bar No. 72636
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314)889-7300
Facsimile: (314) 863-2111
E-mail: jbennett@dowdbennett.com
        hpreston@dowdbennett.com
        asimon@dowdbennett.com

*Attorneys for Defendant*

**FARUQI & FARUQI, LLP**
Timothy J. Peter (admitted *pro hac vice*)
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
E-mail: tpeter@faruqilaw.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| MEGAN BROWNING, *et al.*, | CASE NO.: 20-cv-00889-SRB |
| Plaintiffs, | **SETTLEMENT AGREEMENT** |
| v. | |
| ANHEUSER-BUSCH, LLC, | |
| Defendant. | |

## SETTLEMENT AGREEMENT

This settlement agreement ("Settlement" or "Settlement Agreement") is entered into by Plaintiffs Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro ("Plaintiffs" or "Class Representatives"), individually and on behalf of the Settlement Class and Injunctive Relief Class (defined herein), and by Defendant Anheuser-Busch, LLC ("A-B") (collectively with the Plaintiffs, the "Parties"), in the above-captioned action (the "Action"). This Settlement Agreement is intended by the Parties to fully and finally resolve, discharge, and settle the Released Claims, as defined herein, subject to the terms and conditions set forth below, and the approval of the District Court.

## RECITALS

1.    On September 11, 2020, Plaintiffs Tanya Cooper and Joseph Rose (the "*Cooper* Plaintiffs") commenced a proposed consumer class action on behalf of New York purchasers in the United States District Court for the Southern District of New York against A-B styled as *Cooper, et al. v. Anheuser-Busch, LLC*, Case No. 7:20-cv-07451-KMK, in connection with A-B's marketing and sale of its Ritas™ brand Margarita, Spritz, and Fizz products (the

1

"Products") (the "*Cooper* Action"). The Complaint alleged that the packaging and marketing of A-B's Ritas beverages misled consumers into believing that the beverages contained distilled spirits and/or wine, which they do not.

2.      On September 17, 2020, Plaintiff Terri Cole also commenced a similar consumer class action on behalf of California purchasers in the United States District Court for the Central District of California against A-B styled as *Cole v. Anheuser-Busch, LLC,* Case No.: 2:20-cv-08545, also in connection with A-B's marketing and sale of the Products (the "*Cole* Action").

3.      On November 6, 2020, Plaintiffs Megan Browning and Allen Kesselring ("*Browning* Plaintiffs") commenced a similar consumer class action on behalf of both Missouri and nationwide purchasers against A-B in this District styled as *Browning, et. al., v. Anheuser-Busch, LLC*, Case No. 20-cv-00889-SRB, also in connection with A-B's marketing and sale of the Products (the "*Browning* Action").

4.      Also on November 6, 2020, the Court in the *Browning* Action issued a Notice of Inclusion in the Mediation and Assessment Program ("MAP") instructing the Parties to designate an outside mediator and to attend a mediation no later than 75 days after the Rule 26 meeting (the "MAP Notice").

5.      On January 5, 2021, A-B filed a Motion to Dismiss the *Browning* Action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("*Browning* MTD").

6.      In coordination with the MAP Director, the Parties agreed to postpone the mandatory mediation until after the Court ruled on the *Browning* MTD.

2

7. On January 14, 2021, Plaintiff Cole voluntarily dismissed the *Cole* Action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), without any inducement from or agreement with A-B.

8. On February 9, 2021, the *Browning* Plaintiffs opposed the *Browning* MTD.

9. On February 23, 2021, A-B filed a reply in support of the *Browning* MTD.

10. On March 23, 2021, A-B filed a Motion to Stay and Transfer the *Browning* Action to the Eastern District of Missouri under 28 U.S.C. § 1404 ("Transfer Motion").

11. On April 19, 2021, the *Browning* Plaintiffs opposed the Transfer Motion.

12. On April 19, 2021, the *Browning* Action was reassigned to District Judge Stephen R. Bough for all further proceedings.

13. On May 3, 2021, A-B filed a reply in support of the Transfer Motion.

14. On May 4, 2021, the Court entered an Order denying the Transfer Motion.

15. On May 13, 2021, the Court entered an Order granting in part and denying in part the *Browning* MTD.

16. On May 26, 2021, A-B answered the complaint in the *Browning* Action.

17. On June 4, 2021, the Court entered a Scheduling Order in the *Browning* Action which provided for, *inter alia*, a class certification hearing to be held on July 6, 2022.

18. Pursuant to the MAP Notice, the Parties agreed to attend mediation with mediator Jack T. Bangert of Kutak Rock, LLP.

19. Prior to the mediation, Class Counsel served discovery requests and obtained discovery relating to, *inter alia,* class-wide sales and potential damages.

20. On July 7, 2021, the Parties attended mediation with Mr. Bangert. The scope of the mediation contemplated a nationwide class action settlement that would provide global

3

peace and encompass the putative classes pled in *Browning*, *Cole*, and *Cooper*, which cases all were brought by the same national counsel. The Parties were unable to reach a settlement that day.

21. After the first mediation, Plaintiffs continued to obtain relevant discovery and continued settlement discussions with A-B with the assistance of the mediator, Mr. Bangert. Class Counsel also retained an economic expert to better understand and estimate potential class-wide damages. As a result of the continuing settlement discussions, the Parties ultimately were able to reach an agreement in principle on the terms of a settlement for the Injunctive Relief Class and Settlement Class. After the agreement on the class recovery was reached, the Parties scheduled a second mediation with Mr. Bangert to negotiate a cap on attorneys' fees and costs, and the Class Representative Service Awards, that Class Counsel and the Class Representatives, respectively, may seek.

22. On December 21, 2021, the Parties attended the second mediation. The Parties were unable to reach agreement on a cap on attorneys' fees and costs, and Class Representative Service Awards, that Class Counsel and the Class Representatives, respectively, may seek. After the second mediation, the Parties continued to negotiate, with the assistance of Mr. Bangert.

23. On March 22, 2022, the Parties executed a Memorandum of Understanding ("MOU") which, *inter alia*, outlines the Parties' agreement in principle regarding the proposed settlement.

24. As provided for in the MOU, on March 24, 2022, the *Cooper* Plaintiffs voluntarily dismissed the *Cooper* Action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

25. Similarly, in accordance with the terms of the MOU, on May 4, 2022, the *Browning* Plaintiffs sought leave to amend the complaint in the *Browning* Action to include Plaintiff

4

Cole, the *Cooper* Plaintiffs, and Plaintiff Judy Scaturro in the *Browning* Action. On May 5, 2022, Plaintiffs filed their First Amended Complaint.

26.     Each Plaintiff and Class Counsel have weighed the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement (including the amount of recovery it makes available to each putative class member), and they each have concluded that the terms and conditions of this settlement are fair, reasonable, adequate, in the best interests of the Class, and preferable to the risks and uncertainties inherent in continued litigation, including the risk that the class recovers nothing.

27.     A-B, while continuing to deny all allegations of wrongdoing, and disclaiming all liability with respect to all claims, considers it desirable to resolve the Action on the terms stated herein to avoid further expense, inconvenience, and burden associated with further litigation, and therefore determines that this Settlement Agreement is in A-B's best interests.

28.     NOW, THEREFORE, without any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by A-B, or any admission or concession of the lack of merit of this Action whatsoever by Plaintiffs, and in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims as described below, and other good and valuable consideration, the receipt and sufficiency of which hereby acknowledged, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiffs, the Settlement Class, the Injunctive Relief Class, and A-B, that the Action and all claims of the Settlement Class and Injunctive Relief Class be settled, compromised, and dismissed on the merits and with prejudice, subject to Court approval as required by

5

Federal Rules of Civil Procedure 23, on the terms and conditions set forth herein and upon the Effective Date (as defined below).

29. Each Party affirms that the Recitals above are true and accurate and are hereby made a part of this Settlement Agreement.

## I. DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below. Unless otherwise indicated, defined terms include the plural as well as the singular. The recitals above and definitions stated below are incorporated into this Agreement and made a part of this Agreement as if fully set forth herein.

30. "**Action**" means the proposed consumer protection class action captioned *Browning, et. al., v. Anheuser-Busch, LLC* Case No. 20-cv-00889-SRB, in the United States District Court for the Western District of Missouri.

31. "**Agreement**" or "**Settlement Agreement**" means this settlement agreement in its entirety, including any and all of its Exhibits attached hereto and incorporated herein.

32. "**CAFA Notice**" means the notice which the Settlement Administrator shall serve upon the appropriate State and Federal officials, providing notice of the proposed settlement in compliance with 28 U.S.C. § 1715.

33. "**Claim Deadline**" means the date to be set by the Court as the deadline for Settlement Class Members to submit Claim Forms, and which shall be no more than one hundred and twenty (120) calendar days, beginning from the Notice Date.

34. "**Claim Form**" means the document which Settlement Class Members must submit to the Settlement Administrator in order to obtain the Settlement Payment. Settlement Class

6

Members may complete the Claim Form on the Settlement Website, substantially in the form of **Exhibit 1** hereto, and submit it electronically to the Settlement Administrator. Alternatively, Settlement Class Members may obtain a hard copy of the Claim Form, substantially in the form of **Exhibit 2** hereto, by downloading it from the Settlement Website or requesting it from the Settlement Administrator. If using a hard copy of the Claim Form, Settlement Class Members must mail the Claim Form to the Settlement Administrator. The Claim Form may be modified as deemed necessary by the Settlement Administrator, to comply with the provisions of any order by the Court, or upon agreement by both Parties.

35. "**Claims Period**" means the period of time from the Notice Date until the Claim Deadline.

36. "**Claimant**" means a Settlement Class Member who submits a Claim Form.

37. "**Class Counsel**" or "**Plaintiffs' Counsel**" means the law firms of Faruqi & Faruqi, LLP and Dollar, Burns, Becker, & Hershewe L.C.

38. "**Class Period**" or "**Settlement Class Period**" means the period of time from January 1, 2018 through the Preliminary Settlement Approval Date.

39. "**Class Representatives**" or "**Plaintiffs**" means Plaintiffs Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro.

40. "**Class Representative Service Award**" means the monetary award, sought by application and subject to Court approval, which is payable to a Class Representative for their efforts and diligence in prosecuting this Action on behalf of the Settlement Class and Injunctive Relief Class.

41. "**Court**" means the United States District Court for the for the Western District of Missouri, the Honorable Stephen R. Bough presiding.

7

42. **"Defendant"** or **"A-B"** means Anheuser-Busch, LLC.

43. **"Defendant's Counsel," "Defense Counsel,"** or **"A-B's Counsel"** means the law firm of Dowd Bennett LLP.

44. **"Direct Notice"** means notice of the proposed Settlement, substantially in the form of **Exhibit 3** hereto, to be emailed or mailed directly to Persons for whom A-B maintains email or physical addresses in its custody, possession, or control, or which Class Counsel has obtained or may obtain through third-party subpoenas. The Direct Notice may be modified as deemed necessary by the Settlement Administrator, as necessary to comply with the provisions of any order by the Court, or upon agreement by both Parties.

45. **"Effective Date"** means the date the Final Approval Order becomes a final, non-appealable judgment approving the Settlement and is no longer subject to review, rehearing, appeal, petition for certiorari, or other review of any kind.

46. **"Fee Application"** means the motion for a Fee Award and Class Representative Service Awards, which Plaintiffs will file at least thirty-five (35) calendar days before the Final Approval Hearing.

47. **"Fee Award"** means an award of attorneys' fees, costs and expenses in an amount up to Two Million One Hundred Thousand Dollars ($2,100,000), sought by application and subject to Court approval, which is payable to Class Counsel.

48. **"Final Approval"** or **"Final Approval Order"** means the Court's entry of an Order following the Final Approval Hearing, approving the Settlement pursuant to the terms and conditions of this Settlement Agreement without material change and confirming the

8

certification of the Settlement Class and Injunctive Relief Class for purposes of this Agreement only.

49.    **"Final Approval Hearing"** means the hearing that is to take place after the entry of a Preliminary Approval Order and after the Notice Date for purposes of, *inter alia*, (a) considering any objections and determining whether the Settlement Agreement complies with the requirements of Rule 23 and should be approved as fair, reasonable, adequate; (b) entering the Final Approval Order and Final Judgment and dismissing the Action with prejudice; and (c) ruling upon a Fee Application.

50.    **"Final Judgment"** means the Court's entry of a judgment following the Final Approval Hearing, entering final judgment, dismissing the Action with prejudice, and releasing all claims of Plaintiffs, the Settlement Class Members, and the Injunctive Relief Class Members.

51.    **"Final Settlement Approval Date"** means the Court enters the Final Approval Order.

52.    **"Fraudulent Claims"** means any Claim Form(s) that the Settlement Administrator, in conjunction with the Parties, determines in good faith contain indicia of fraud or deceit, including but not limited to, any attempts to bypass the terms and limitations set out in this Settlement Agreement regarding Claim Forms, Claimants, Settlement Class Members and Settlement Payment.

53.    **"Household"** means any number of Persons cohabitating and related by blood, marriage, or civil union, in the same dwelling unit or physical address.

54.    **"Injunctive Relief"** means the injunctive relief to which the Defendant has agreed and which benefits the Injunctive Relief Class as further described below in Paragraphs 84-85.

9

55. **"Injunctive Relief Class Members"** or **"Injunctive Relief Class"** means, for settlement purposes only, and upon the express terms and conditions set forth in this Settlement Agreement: All persons who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018 through 60 days following the Effective Date. Excluded from the Injunctive Relief Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family.

56. **"Long Form Notice"** means notice of the proposed settlement to be provided to Settlement Class Members substantially in the form of **Exhibit 4** hereto. The Long Form Notice shall be published on the Settlement Website. The Long Form Notice may be modified as necessary to comply with the provisions of any order by the Court.

57. **"Motion for Final Approval"** means the unopposed motion that the Plaintiffs shall make seeking an entry of the Final Approval Order and Final Judgment by the Court.

58. **"Motion for Preliminary Approval"** means the unopposed motion that the Plaintiffs shall make seeking an entry of the Preliminary Approval Order.

59. **"Notice"** means notice of this Settlement Agreement as defined in Section IV.

60. **"Notice Date"** means the date that Direct Notice is given, and the first date that the Notice Plan commences, as set forth in Section IV below.

61. "**Notice Plan**" means the plan for dissemination of Notice of this Settlement Agreement by the Settlement Administrator in accord with the terms and provisions set forth in Section IV below.

62. "**Notice of Missing or Inaccurate Information**" means the notice sent by the Settlement Administrator to a Claimant who has submitted a Claim Form with inaccurate, disqualifying, incomplete or missing information that is required for the Claimant to be considered eligible for the Settlement Payment provided by this Settlement.

63. "**Objection/Exclusion Deadline**" means the date to be set by the Court as the deadline for any person, or other interested party with legal standing to object to this Settlement Agreement, to submit an Objection or Request for Exclusion, and which shall be twenty-one (21) calendar days before the Final Approval Hearing.

64. "**Objection**" means the written communication that any person or other interested party with legal standing to object to this Settlement Agreement must submit to the Court by the Objection/Exclusion Deadline in order to object to the Settlement, as provided for in Section VI below.

65. "**Person(s)**" means any natural person.

66. "**Parties**" means Plaintiffs and A-B, collectively, and "**Party**" means either Plaintiffs or A-B, individually.

67. "**Preliminary Approval**" or "**Preliminary Approval Order**" shall mean the issuance of an Order by the Court, substantially in the form of **Exhibit 5** hereto, provisionally certifying the Settlement Class and Injunctive Relief Class, and preliminarily approving, *inter alia*, the terms of this Settlement and authorizing dissemination of Notice to the Settlement Class and Injunctive Relief Class.

11

68. **"Preliminary Settlement Approval Date"** means the date the Court enters the Preliminary Approval Order.

69. "**Proof of Purchase**" means a receipt, copies of receipts, or other legitimate proof showing payment for any of the Ritas™ Brand Products for personal consumption, and not for resale.

70. "**Released Claims**" means any claim, cross-claim, liability, right, demand, suit, petition, liability, right, matter, lawsuit, arbitration, obligation, damage, restitution, disgorgement, loss or cost, attorneys' fee, cost or expense, action or cause of action, and relief of every kind and description regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, statutory, punitive, restitutionary, expert or attorneys' fees and costs, whether past, present, or future, mature or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative, vicarious or direct, asserted or un-asserted, and whether based on federal, state or local law, statute, ordinance, rule, regulation, code, contract, tort, fraud or misrepresentation, common law, violations of any state's or territory's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, or other laws, unjust enrichment, any breaches of express, implied or any other warranties, or the Magnuson-Moss Warranty Act, or any other source, or any claim of any kind, in law or in equity, that the Releasing Party had or has, including assigned claims, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public against any of the Released Parties that are based on, arising from, connected with, related to, or in any way involving the marketing, advertising, labeling, or packaging of any of the Ritas™ Brand Products that are, or could have been, alleged, asserted or described in the complaints or

12

any amended complaints filed in the *Browning*, *Cooper*, or *Cole* Actions. Excluded from the Released Claims is any claim for alleged bodily injuries arising out of use of the Ritas™ Brand Products.

71. "**Released Parties**" means A-B, and all of its past, present and/or future parents, predecessors, successors, assigns, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and/or future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, representatives, advisors, consultants, brokers, distributors, wholesalers, any and all entities or persons upstream or downstream in the production/distribution channels, and subrogees and assigns of any of the foregoing, and representatives of any of the foregoing.

72. "**Releasing Parties**" means the Plaintiffs, each Settlement Class Member, and any Person claiming by or through such Settlement Class Member as his/her spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate.

73. "**Request for Exclusion**" means the written communication that a Settlement Class Member must submit to the Settlement Administrator by the Objection/Exclusion Deadline in order to be excluded from the Settlement as provided for in Section VI below.

74. "**Ritas™ Brand Product(s)**" or "**Products**" means any packaged (bottles or cans, and including single-serve) Ritas™ brand Margarita, Spritz, or Fizz Product, or any variety pack containing any of the foregoing products, except that Ritas™ Brand Products as used in this Settlement Agreement specifically excludes any Ritas™ Brand Products that are

13

already in compliance with the labeling and packaging changes set forth in Paragraphs 84-85.

75.   "**Settlement**" means the settlement embodied in this Agreement.

76.   "**Settlement Administrator**" means Epiq Class Action and Claims Solutions, Inc. and/or its affiliate Hilsoft Notification (collectively, "Epiq"), the administrative firm jointly agreed to by the parties, and approved by the Court, which will be responsible for, *inter alia*, providing Notice to the Settlement Class and administering the Settlement as provided for in Sections IV and V below.

77.   "**Settlement Notice and Administration Costs**" means the costs for providing Notice and administration of the Settlement. A-B shall pay the Settlement Notice and Administration Costs.

78.   "**Settlement Class Members**," "**Class Members**," "**Class**," or "**Settlement Class**" means, for settlement purposes only, and upon the express terms and conditions set forth in this Settlement Agreement: All persons who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., during the Class Period. Excluded from the Settlement Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any Persons who timely opt-out of the Settlement Class.

14

79. **"Settlement Payment"** means the monetary payment described in Section II, available to Settlement Class Members who submit a timely and valid Claim Form.

80. **"Settlement Website"** means the ADA-compliant website to be established by the Settlement Administrator for purposes of providing Notice, Claim Forms, and other information regarding this Settlement Agreement. The Settlement Website will include, *inter alia*, (a) an FAQ section, (b) links to all pertinent documents including, the Settlement Agreement, Long Form Notice, Summary Notice, and all other relevant pleadings as agreed by the Parties or as ordered by the Court, (c) the Fee and Class Representative Service Award Applications and Motions for Preliminary Approval and Final Approval (and orders granting these motions if and when they are issued), (d) a toll-free number, (e) and other pertinent information about the Settlement, including the ability to complete and submit the Claim Form. The Settlement Website will be updated regularly with relevant documents as they become available.

81. **"Summary Notice"** means notice of the proposed Settlement published in the *People* magazine. Summary Notice is to be provided substantially in the forms of **Exhibit 6** hereto, but which may be modified as deemed necessary by the Settlement Administrator, as necessary to comply with the provisions of any order of Preliminary Approval entered by the Court, or upon agreement by both Parties.

## II.    SETTLEMENT CONSIDERATION

This Settlement consists of two forms of relief: (1) a monetary component consisting of payments to Claimants; and (2) an equitable relief component whereby A-B agrees to make certain changes to its marketing and advertising practices with respect to the Ritas™ Brand Products. The

monetary relief applies to all Settlement Class Members and the equitable relief applies to all Injunctive Relief Class Members. It is possible for individuals to be included in both classes.

**Consideration for the Settlement Class**

82. To each Claimant who submits a timely and valid Claim Form, A-B shall pay a monetary Settlement Payment as follows:

    a. Settlement Class members may seek the following refund per Ritas™ Brand Products purchased during the Class Period, depending on the size or unit type purchased:

- 12 oz. bottles or cans
  - Four pack ...........................................................$0.15
  - Six pack .............................................................$0.25
  - Twelve pack ........................................................$0.45
  - Twenty-four pack .................................................$0.85
- 16 oz. cans
  - Four pack ...........................................................$0.20
  - Six pack .............................................................$0.30
- 8 oz. cans
  - Twelve pack ........................................................$0.30
  - Twenty-four pack .................................................$0.60
- 25 oz. cans
  - Single ................................................................$0.10
  - Two pack ............................................................$0.15
- 22 oz. bottle
  - Single ................................................................$0.10
- Any Unlisted Package Configuration ....................................$0.50

    b. **With Proof of Purchase** Settlement Class members may seek a refund for a maximum total refund of $21.25 per Household with Proof of Purchase.

    c. **Without Proof of Purchase.** Settlement Class members may seek a maximum total refund of $9.75 per Household without Proof of Purchase.

d.  **Payment Methods**. Settlement Payments shall be paid via paper checks or digital payments, as selected by the Settlement Class Member.

e.  **Un-Cashed and Un-Negotiated Settlement Payments**. Paper checks and PayPal payments are the only methods of payment which require a Claimant to take additional action (other than submitting the Claim Form) to receive custody of the funds. For paper checks, the Settlement Class Members choosing this payment method shall be provided ninety (90) calendar days from issuance to negotiate the check. If the check is not cashed, deposited, or otherwise negotiated within this 90-day timeframe, the check will be voided, and the Settlement Administrator shall issue to the Settlement Class Member a second check. If a second check issued to a Settlement Class Member is not cashed or deposited within ninety (90) days after the date of issue, the check will be voided and the Settlement Administrator shall not issue any subsequent benefit check to the Settlement Class Member, provided however that the Settlement Administrator may, after consultation with the Parties, exercise its discretion to issue a third check to a Settlement Class Member who demonstrates special circumstances that warrant an exception. For purposes of this paragraph special circumstances are intended to encompass situations where a Settlement Class Member, despite exercising due diligence, was unable to cash, deposit, or otherwise negotiate the first or second check. All un-cashed or un-negotiated checks shall be immediately declared dormant immediately on the 97th day after issuance of the second attempted check (or third check in the event the Settlement Administrator has issued a third check) and shall immediately escheat to the Claimants last known state of residence. For PayPal payments, if the email

17

address provided by the Settlement Class Member is not associated with a PayPal account, the payment will fail. If the PayPal payment fails, the Settlement Administrator or their agent shall contact the Settlement Class Members and request that they either link the payment to an existing account under another email address or create a new PayPal account to obtain the funds. If neither of these actions are taken within 30 days, then the payment will be voided, and the Settlement Class Member shall be issued a payment card. No unclaimed Settlement Payments shall return to A-B under any circumstances.

f.   **Households**. For purposes of Paragraph 82(a)-(c), Settlement Class Members residing in the same Household who each submit a Claim Form shall only be entitled to a collective maximum payment of $9.75 or $21.25 per Household, depending on whether Proof of Purchase is submitted. If one or more Settlement Class Members from the same Household submit Claim Forms, the Settlement Administrator will only pay the aggregate amount of all claims from that Household, up to the maximum recovery of $9.75 or $21.25 (depending on whether Proof of Purchase is submitted), and it shall pay this aggregate amount to the first submitted valid and timely Claim in the Household.

g.   **Option to Terminate.** Subject to the above terms, should the Settlement Class Members submit more than one million (1,000,000) claims in this Settlement (irrespective of the dollar amount of such claims), A-B shall have the unconditional right, but not the obligation, to terminate this Settlement Agreement. If A-B elects to terminate this Settlement Agreement under this paragraph, A-B must provide written notice to Class Counsel, by hand delivery, mail, or e-mail within ten (10)

18

calendar days of the occurrence of the condition permitting termination. A-B shall be responsible for any Settlement Notice costs incurred if it chooses to exercise this option.

83. A-B shall pay the monetary relief to the Class separate from, and in addition to, all other payments it is obligated to make under the Settlement (e.g., Settlement Notice and Administration Costs, the Class Representative Service Awards, and the Fee Award).

**Consideration for the Injunctive Relief Class**

84. Not later than six (6) months from the Effective Date, A-B shall make the following changes to its business practices as to Ritas™ Brand Products manufactured and sold in the United States by A-B:

    a. inclusion of the phrase "Malt Beverage" on the Ritas™ Brand Products generally in the form and position shown in the attached **Exhibit 7** and approved by the TTB;

    b. the phrase "Malt Beverage" on the vertical panels (i.e., front, back, and sides) of all consumer facing packages of the Ritas™ Brand Products generally in the position and form shown in the attached **Exhibit 8**; and

    c. the phrase "Does not contain distilled spirits" on the individual product page of the Ritas™ Brand Products' website (e.g. for Straw-Ber-Rita: https://www.theritas.com/#a3aae76b6-fb45-497f-baac-30baf364bf290collapse) in the general form and position shown in the attached **Exhibit 9**.

    d. The type face, type size, position, color and setoff of the disclosures as shown in **Exhibits 7-9** are agreed by the Parties to be sufficient to inform a reasonable consumer of the source of alcohol in the Ritas™ Brand Products while not unduly impairing A-B's marketing.

19

85. These business practice changes as to the Ritas™ Brand Products shall be maintained for no less than five (5) years from the Effective Date, subject to all necessary regulatory approvals by appropriate governing agencies.

86. The Parties agree that A-B shall be permitted six (6) months from the Effective Date of this Settlement Agreement to sell off all of its existing inventory of primary labeling (bottles and cans) and secondary packaging (consumer-facing outer-packages) of the Ritas™ Brand Products before being required to use the packaging agreed to in Paragraph 84 (the "Sell-Off Period"), and that potential claims related to Ritas™ Brand Products sold by A-B during the Sell-Off Period shall be included within the Released Claims that are released by each member of the Settlement Class and the Injunctive Relief Class.

87. The Parties agree that no Injunctive Relief Class Member may opt-out of the injunctive relief agreed to in the Settlement Agreement and described in Paragraphs 84-86 and their subparts.

## III.   CLAIMS PROCESS AND PAYMENT

**Submission of Claims**

88. To be eligible to receive the Settlement Payment under the Settlement Agreement, Settlement Class Members must submit a claim to the Settlement Administrator by either: (a) completing, certifying, and sending the Claim Form to the Settlement Administrator via U.S. Mail or electronic mail; or (b) completing, certifying, and submitting the Claim Form electronically to the Settlement Administrator via the Settlement Website.

89. In order to be timely, the Claim Form must be postmarked or submitted online no later than the Claim Deadline. Claim Forms received by the Settlement Administrator or electronically submitted after the Claim Deadline shall be denied by the Settlement

20

Administrator, unless otherwise agreed to by both parties, and A-B will not be obligated to make any payment on such claims.

90. In order to be valid, the Claim Form must: (a) be signed in hard copy or electronically by the Settlement Class Member under penalty of perjury; and (b) bear an attestation by the Settlement Class Member that he/she purchased the Ritas™ Brand Products during the Class Period for personal use and not for resale. Claim Forms that do not meet these requirements will be denied by the Settlement Administrator, in consultation as necessary with A-B's Counsel and Class Counsel, and A-B will not be obligated to make any payment on such claims, unless the Parties agree otherwise.

91. In completing the Claim Form, Claimants have two options: (1) if they have no Proof of Purchase, they must select Option A or (2) if they have Proof of Purchase for some or all of the Products purchased during the Class Period, they may select Option A or Option B. A claimant can only select one of these two options.

**Review of Claims**

92. The Settlement Administrator shall review all submitted Claim Forms within a reasonable time to determine the validity and timeliness of the Claim, each Settlement Class Member's eligibility for the Settlement Payment, and the amount of such relief, if any. Copies of submitted Claim Forms shall be provided to A-B's Counsel and to Class Counsel upon request. Settlement Class Members who submit valid and timely Claim Forms shall be entitled to the Settlement Payment. Settlement Class Members who submit Claims Forms that do not meet the eligibility requirements described herein shall not be entitled to such relief, unless otherwise agreed to by both Parties.

/ / /

21

**Fraudulent Claims**

93.    The Settlement Administrator, in consultation with the Parties, shall use good faith and appropriate procedures to prevent, detect, and reject the payment of Fraudulent Claims and ensure payment of only legitimate claims.

94.    A-B will not be obligated to make any payment for any Claim Forms that are initially determined to be valid, but are later discovered to be fraudulent.

**Incomplete or Inaccurate Claim Forms**

95.    After receipt of any Claim Forms containing incomplete or inaccurate information, and/or submitted Claims Forms omitting required information, the Settlement Administrator shall send the Claimant a Notice of Missing or Inaccurate Information explaining what information is missing or inaccurate. In the event of missing or invalid Proof of Purchase, submitted in connection with Option B, the Notice of Missing or Inaccurate Information sent by the Settlement Administrator shall inform the Claimant of his or her ability to convert or resubmit the Claim Form under Option A.

96.    Claimants shall have thirty (30) calendar days from when the Notice of Missing or Inaccurate Information was mailed to reply to that Notice and provide the required information.

97.    If a Claimant fails to respond within thirty (30) calendar days from when the Notice of Missing or Inaccurate Information was mailed or the Settlement Administrator is unable to provide a Notice of Missing or Inaccurate Information as a result of the omitted information, the Settlement Administrator will reject such Claimant's claim, and A-B will not be obligated to make any payment on such claim, unless otherwise agreed by the Parties. In the event the sole basis for the issuance of a Notice of Missing or Inaccurate

Information is missing or otherwise invalid Proof of Purchase, the Settlement Administrator may, in its discretion, treat such a claim as a claim without proof of purchase and may pay the Settlement Payment the Claimant would have been entitled to receive had the Claimant originally selected the no proof of purchase option on the Claim Form.

98.     The Parties will each have the right to review and contest all claims approved for payment by the Settlement Administrator, including for Fraudulent Claims or Complete or Inaccurate Claim Forms. The Settlement Administrator will, however, ultimately be the final decision maker on the validity of any claim.

**Provision of Settlement Payments**

99.     A-B shall transmit via check or wire transfer to the Settlement Administrator the aggregate dollar value of all Settlement Payments by the later of twenty-one (21) calendar days after the Effective Date or twenty-one (21) calendar days after the date the Settlement Administrator first informs A-B of the total aggregate dollar value of all Settlement Payments for valid and timely Claims.

100.    The Settlement Administrator shall pay all Settlement Payments to Settlement Class Members who are eligible and who submit a valid and timely Claim Form within fourteen (14) calendar days of receiving the funds from A-B.

101.    All Settlement Payments to Claimants shall be in the form of cash payments via whichever option the Claimant elects pursuant to Paragraph 82(d). To assist with claims administration, Claimants who elect to receive a Settlement Payment electronically must complete the Claim Form electronically. Claimants completing the Claim Form electronically can alternatively choose a physical payment method. However, Claimants who complete and mail the physical Claim Form to the Settlement Administrator will only

23

be allowed to choose a physical payment method (because account verification, which cannot be provided through the physical Claim Form, is needed for the electronic payment methods).

## IV. NOTICE[1]

102. Notice of the Settlement shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable law, and shall otherwise be in the manner and form approved by the Court. The Notice Plan shall be designed and executed by the Settlement Administrator to reach at least 70% of the Settlement Class. To the extent any changes to the Notice Plan set forth herein need to be modified, the Parties agree to work cooperatively to make any such changes.

**Forms of Notice**

103. Upon Preliminary Approval, Notice of the Settlement to the Settlement Class shall be provided according to the following Notice Plan:

    a. <u>Settlement Website Notice</u>: Within thirty (30) calendar days of the Preliminary Settlement Approval Date, the Settlement Administrator shall launch a Settlement Website, which will include, *inter alia*, links to the Long Form Notice, the Summary Notice, the Fee and Class Representative Service Award Applications (once filed), this Settlement Agreement and Exhibits, the Claim Form, relevant filings and orders, and information relating to filing a claim, objecting to the

---

[1] The Notice Plan described in this section described the mandatory notice for certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3), however, because of the substantial overlap between the Settlement Class and the Injunctive Relief Class, the notice provided through this Notice Plan is also sufficient for any required notice of settlement under Fed. R. Civ. P. 23(e)(1) for settlement of the Injunctive Relief Class, certified under Fed. R. Civ. P. 23(b)(2).

24

Settlement, opting out of the Settlement, other deadlines relating to the Settlement, and instructions on how to access the case docket via PACER or in person at any of the Court's locations. The Settlement Website will also provide Settlement Class Members with the ability to submit Claim Forms and Requests for Exclusion from the Settlement Class and to obtain information contained without the Claim Form. The Settlement Administrator shall ensure that the Settlement Website is compliant with the Americans with Disabilities Act of 1990.

b. <u>Toll-Free Telephone Support</u>: Within thirty (30) calendar days of the Preliminary Settlement Approval Date, the Settlement Administrator shall establish a toll-free live telephone support system to provide Settlement Class Members with (a) general information about the Action and Settlement; (b) frequently asked questions and answers; and (c) information relating to filing a Claim, objecting to the Settlement, opting out of the Settlement, and other deadlines relating to the Settlement.

c. <u>Direct Notice</u>: Within ten (10) calendar days of the Preliminary Settlement Approval Date, the Parties shall provide the Settlement Administrator with a list of all Settlement Class Members for whom they have e-mail or physical addresses ("Direct Notice Recipients"). Within thirty (30) calendar days after the Preliminary Settlement Approval Date, the Settlement Administrator shall initiate the Direct Notice program to be sent via e-mail to all Direct Notice Recipients. For emails, the Direct Notice shall be in the body of the email. The Settlement Administrator shall implement protocols and procedures to ensure delivery of the Direct Notice via email by, *inter alia*, notifying major ISPs that it will begin a large email

campaign (thereby reducing the risk of the email being identified a spam or junk email). The Settlement Administrator will also make reasonable efforts to re-email the Direct Notice to all email addresses for which it receives any undeliverable or bounce back notices, to the extent possible. The Settlement Administrator will send direct notice via postcard to all Direct Notice Recipients with an associated physical address but without a valid email address, or for whom an email notice was ultimately undeliverable after multiple attempts. The Parties also agree to send reminder notices, or re-email, or re-send direct notice, to the extent the Settlement Administrator, in consultation with the Parties, deems it appropriate.

d. Print Publication Notice: No sooner than thirty (30) calendar days after an order granting Preliminary Approval, the Settlement Administrator will publish the Summary Notice in *People* magazine.

e. Internet Publication Notice: The Settlement Administrator will purchase Internet banner notice ads, social media ads, and search ads, that will allow access to the Settlement Website through an embedded hyperlink contained within the banner notice ad. This Internet Publication Notice will commence no sooner than thirty (30) calendar days after an order granting Preliminary Approval, and it shall continue for a period of sixty (60) calendar days.

f. CAFA Notice: Within ten (10) calendar days after Plaintiffs file the Motion for Preliminary Approval, the Settlement Administrator shall provide CAFA Notice, in compliance with 28 U.S.C. § 1715, and the Settlement Administrator shall provide a declaration attesting to this.

///

26

## V. ADMINISTRATION OF SETTLEMENT

104. All Settlement Notice and Administration Costs shall be paid by A-B. If Notice is provided to the Settlement Class but the Settlement is not finally approved or A-B terminates the Settlement pursuant to either Paragraph 82.g or Paragraph 140, A-B shall be solely responsible for any notice costs claimed by the Settlement Administrator. Any supplemental or additional notice that may become necessary or appropriate, by Court order or as otherwise as agreed by the Parties, shall also be by paid by A-B, provided however, that A-B shall not be responsible or obligated to pay for any additional or supplemental notice that may become necessary or appropriate as a result of actions or inaction by Plaintiffs or Plaintiffs' Counsel.

105. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation:

   a. Arranging, as set forth in Section IV and in the Preliminary Approval Order, for distribution of Notice of the Settlement (in a forms substantially similar to that approved by the Court) and Claims Forms (in a forms substantially similar to that approved by the Court) to Settlement Class Members Injunctive Relief Class Members;

   b. Answering inquiries from Injunctive Relief Class Members and Settlement Class Members pertaining to the mechanics of exercising their rights under the Settlement and directing any inquiries from Injunctive Relief Class Members and Settlement Class Members pertaining to the substantive terms of the Settlement to Class Counsel;

27

c. Receiving and maintaining correspondence regarding Objections and Requests for Exclusion from the Settlement Class;

d. Posting notices, Claim Forms, and other related documents on the Settlement Website and otherwise maintaining the Settlement Website;

e. Receiving and processing Claim Forms, including sending rejection notices for potential invalid/fraudulent claims;

f. Providing prompt updates to A-B's Counsel and Class Counsel regarding the number of Claims, Notice of Missing or Inaccurate Information issued, Requests for Exclusion, and Objections;

g. Providing declaration(s) in support of preliminary and final approval as necessary and appropriate;

h. Distributing all payments under the Settlement, including payments to Settlement Class Members and the Class Representative Service Awards, as well as tendering any unclaimed funds to the Claimants' states;

i. Providing a post-distribution accounting declaration and/or any other declarations regarding compliance with and effectuation of the terms of the Settlement; and

j. Otherwise assisting with implementation and administration of the Settlement Agreement terms as the Parties mutually agree or the Court orders the Settlement Administrator to perform.

## VI. OBJECTIONS AND OPT-OUTS

**Objections**

106. Settlement Class Members and Injunctive Relief Class Members shall have the right to appear and present Objections as to any reason why the terms of this Agreement should

not be given Final Approval. Any Objection must be made within the Objection/Exclusion Deadline, and must be in writing and submitted to the Court in either of the following manners: (1) mailing the Objection to the Clerk of Court, United States District Court Western District of Missouri – Western Division, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th St. Kansas City, MO 64106, or (2) filing the Objection in person at any location of the United States District Court for the Western District of Missouri or via the ECF electronic filing system.

107. The date of the postmark on the envelope, or the electronic date of submission or filing, shall be the exclusive means used to determine whether an Objection has been timely submitted by the Objection/Exclusion Deadline.

108. Any Objection must contain a caption or title that identifies it as "Objection to Class Settlement in *Browning, et. al., v. Anheuser-Busch, LLC* Case No. 20-cv-00889-SRB" and shall also contain:

   a. Information sufficient to identify and contact the objecting Injunctive Relief Class Member or Settlement Class Member, including name, address, telephone number, and, if available, email address, and if represented by counsel, the foregoing information for his/her counsel;

   b. Whether the Injunctive Relief Class Member or Settlement Class Member, or his or her counsel, intends to appear at the Final Approval Hearing;

   c. Whether the Objection applies only to the Injunctive Relief Class Member or Settlement Class Member, to a specific subset of the Injunctive Relief Class or Settlement Class, or to the entire Injunctive Relief Class or Settlement Class;

29

d. A clear and concise statement of the Injunctive Relief Class Member's or Settlement Class Member's Objection, including all bases and legal grounds for the Objection;

e. Documents sufficient to establish the person's standing as an Injunctive Relief Class Member or Settlement Class Member, *i.e.*, Proof of Purchase or verification under penalty of perjury as to the person's purchase of the Ritas™ Brand Products during the Class Period;

f. A list of any other objections submitted by the Injunctive Relief Class Member or Settlement Class member or his/her counsel to any class actions in any state or federal court in the United States in the previous five (5) years (or affirmatively stating that no such prior objection has been made); and

g. The Injunctive Relief Class Member or Settlement Class Member's signature, in addition to the signature of his/her attorney, if any.

109. Plaintiffs and A-B shall each have the right to respond to any Objection no later than seven (7) calendar days prior to the Final Approval Hearing.

110. Injunctive Relief Class Members or Settlement Class Members who fail to file written Objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement and shall be bound, to the extent allowed by law, by the terms of the Settlement Agreement.

**Requests for Exclusion/Opt-Outs**

111. Any individual who would qualify as a Settlement Class Member, but who does not wish to receive the Settlement Payment and participate in the monetary relief component of this Settlement must submit a Request for Exclusion to the Settlement Administrator by the

Objection/Exclusion Deadline, stating a clear intention to be "excluded" from or "opt out" of the Settlement Class. The Request for Exclusion must contain the individual's name, current address, and telephone number. The Request for Exclusion must be signed by the individual who is seeking to opt-out, dated and sent to the Settlement Administrator by hard copy sent via U.S. Mail.

112.    The postmarked date of a submission by mail shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted by the Objection/Exclusion Deadline. Any individual whose request to be excluded from the Settlement Class is approved by the Court will not be bound by this Settlement Agreement nor will he or she have any right to object, appeal, or comment thereon. Notwithstanding the forgoing, the Parties acknowledge and agree that no Injunctive Relief Class Member may opt-out of the injunctive relief agreed to in the Settlement Agreement and described in Paragraph 84.

113.    Settlement Class Members who fail to submit a valid and timely Request for Exclusion on or before the Objection/Exclusion Deadline shall be bound, to the extent allowed by law, by all terms of the Settlement Agreement and any Final Approval Order and Final Judgment entered by the Court, regardless of whether they have requested exclusion from the Class.

114.    Settlement Class Members who submit a valid and timely Request for Exclusion may only object to the injunctive relief component of this Settlement. If a Settlement Class Member submits both a valid and timely Request for Exclusion and Objection related to anything aspect of this Agreement other than the injunctive relief component, the Request for Exclusion shall control.

31

115. If a Settlement Class Member submits both a valid Claim Form and a Request for Exclusion, the Claim Form shall take precedence and be considered valid and binding, and the Request for Exclusion shall be deemed submitted by mistake and rejected.

**No Solicitation of Objections or Exclusions**

116. The Parties and their counsel agree to use their best efforts to carry out this Agreement. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage any Person or entity to submit Objections or Requests for Exclusion or to appeal from the Court's Final Approval Order and Final Judgment.

## VII.    FEE AWARD AND CLASS REPRESENTATIVE SERVICE AWARDS

**Fee Award**

117. Class Counsel may submit a Fee Application for an award of attorneys' fees and costs in an amount not to exceed Two Million One Hundred Thousand Dollars ($2,100,000.00). A-B shall have the option to oppose this request.

118. Any Fee Award ordered by the Court shall be the total obligation of A-B to pay for Plaintiffs' attorneys' fees, costs, and/or attorneys' expenses of any kind (including, but not limited to, travel, filing fees, court reporter and videographer expenses, expert fees and costs, notice of pendency costs and expenses, and document review and production costs) related to this Action, the *Cole* Action, and the *Cooper* Action.

119. A-B shall pay any Fee Award ordered by the Court via check or wire transfer to Class Counsel not later than thirty (30) calendar days following the later of the issuance of a Fee Award to Class Counsel or Final Approval. If the Fee Award or Final Approval is overturned on appeal, or the Fee Award is reduced on appeal, Class Counsel shall comply with the terms of the Acknowledgment and Guarantee in the form attached as Exhibit 10.

120. Payment by A-B of any Fee Award is separate from, and in addition to, the other relief afforded to the Settlement Class Members in this Agreement.

121. This Settlement is not contingent upon the Court awarding any particular amount in attorneys' fees and costs. The Agreement is valid and binding on the Parties regardless of whether the Court reduces or otherwise modifies Class Counsel's requested Fee Award.

122. Class Counsel, in their sole discretion, shall allocate and distribute the Fee Award.

123. A-B shall pay its own attorneys' fees and costs incurred in this Action.

**Class Representative Service Awards**

124. In recognition of, *inter alia*, the time and effort each Plaintiff has expended in pursuing this Action, the *Cole* Action, and/or the *Cooper* Action, and fulfilling his or her obligations and responsibilities as a Class Representative, Class Counsel may petition the Court for a service award in an amount up to Two Thousand Five Hundred Dollars ($2,500.00) to be paid to each Class Representative.

125. The Court's award of any Class Representative Service Awards shall be separate from its determination of whether to approve the Settlement as set forth in this Agreement. In the event the Court approves the Settlement but declines to award a Class Representative Service Award in the amount requested by Class Counsel, the Settlement will nevertheless be binding on all Parties.

126. A-B shall pay any Class Representative Service Awards by check or wire transfer to the Settlement Administrator not later than thirty (30) calendar days after the Effective Date. The Settlement Administrator shall pay any Class Representative Service Awards to the Plaintiff within fourteen (14) calendar days of receiving the funds from A-B. Plaintiffs shall be solely and legally responsible to pay all applicable taxes on their Class

33

Representative Service Awards, and shall hold harmless A-B and Class Counsel from any claim or liability for taxes, penalties, or interest arising as a result of the Class Representative Service Awards. Plaintiffs shall also furnish to A-B any necessary forms related to this Class Representative Service Awards, including but not limited to a W-9 form.

127. Payment by A-B of any Class Representative Service Award is separate from, and in addition to, the other relief afforded to the Settlement Class Members in this Agreement.

## VIII.  PRELIMINARY APPROVAL

**Motion for Preliminary Approval**

128. Plaintiffs shall file their Unopposed Motion for Preliminary Approval of Class Settlement that seeks entry of the Preliminary Approval Order. In accordance with the terms of this Agreement, the Preliminary Approval Order would:

  a. Preliminarily approve this Settlement Agreement;

  b. Provisionally certify the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) composed of the Settlement Class Members;

  c. Provisionally certify the Injunctive Relief Class under Federal Rule of Civil Procedure 23(b)(2) composed of the Injunctive Relief Class Members;

  d. Approve Epiq as the Settlement Administrator;

  e. Approve and authorize the contents of the Notice Plan and distribution of the Notice;

  f. Appoint Class Counsel as counsel for the Settlement Class and Injunctive Relief Class;

g.  Approve and authorize the procedures for submitting Objections and Requests for Exclusion and the binding nature thereof;

h.  Set deadlines for submitting papers in support of the Motion for Final Approval, the Fee Application, and any responses to timely and valid Objections;

i.  Schedule the Final Approval Hearing to determine whether Final Approval of the Settlement Agreement is warranted; and

j.  Stay all activity in the Action except to the extent necessary to effectuate this Agreement unless and until this Agreement is terminated pursuant to its terms and conditions.

**Certification of Settlement Class and Injunctive Relief Class for Settlement Purposes Only**

129.  The Parties agree, for settlement purposes only, that the Settlement Class shall be certified and proceed as a class action under Fed. R. Civ. P. 23(b)(3), with a class consisting of all Settlement Class Members, and with Plaintiffs as Class Representatives, and with Class Counsel as counsel for the Settlement Class Members.

130.  The Parties agree, for settlement purposes only, that the Injunctive Relief Class shall be certified and proceed as a class action under Fed. R. Civ. P. 23(b)(2), with a class consisting of all Injunctive Relief Class Members, and with Plaintiffs as Class Representatives, and with Class Counsel as counsel for the Injunctive Relief Class Members.

## IX.  FINAL APPROVAL

**Motion for Final Approval**

131.  Thirty-five (35) calendar days before the Final Approval Hearing, Class Counsel shall petition the Court for Final Approval Order and Final Judgment that would:

35

a.  Hold that the proposed classes meet all of the requirements of Rule 23 for purposes of settlement;

b.  Hold that this Agreement is entered into in good faith, is reasonable, fair and adequate, is in the best interest of the Settlement Class Members, and meets all of the requirements of Rule 23(e);

c.  Dismiss this Action, with prejudice, upon the Effective Date;

d.  Release the Released Parties from the Released Claims of the Releasing Parties;

e.  Retain the Court's continuing and exclusive jurisdiction over the enforcement, interpretation, and applicability of the Settlement, and power to enjoin all actions in any jurisdiction against the Released Parties as necessary to preserve the Court's jurisdiction; and

f.  Make such orders as are necessary and appropriate to effectuate the terms and conditions of this Settlement Agreement.

**Final Approval Hearing**

132. The Court shall conduct a Final Approval Hearing so that the Court may review any objections to this Agreement, consider the fairness, reasonableness and adequacy of this Agreement and consider Plaintiffs' Motion for Final Approval and Fee Application. The date of the Final Approval Hearing shall be posted on the Settlement Website in advance of the hearing. If the date of the Final Approval Hearing is subsequently modified by the Court, no further notice is required to be published to Settlement Class Members or Injunctive Relief Class Members, except that, the Parties will notify anyone who has filed a timely Objection in writing of any change to the date of the Final Approval Hearing.

**Dismissal of this Action**

133.   The Final Approval shall provide that this Action shall be dismissed, with prejudice, upon the Final Settlement Approval Date.

## X.   RELEASES

**Settlement Class General Release from Liability**

134.   Upon the Effective Date, each of the Plaintiffs, and each Settlement Class Member, on behalf of themselves and any other legal or natural persons and entities who or which may claim by, through or under them, including their executors, administrators, heirs, assigns, privies, predecessors and successors, shall be deemed to fully, finally, and forever release, relinquish, acquit, discharge and hold harmless the Released Parties of and from liability of any kind or type whatsoever for any and all Released Claims, and shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any Released Party in any court or forum. This Agreement shall be the sole and exclusive remedy available to the Releasing Parties for any and all Released Claims against the Released Parties. No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim.

135.   Plaintiffs and the Settlement Class agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. Plaintiffs and the Settlement Class further agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect their decisions to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final and complete general release of the Released Claims and the Plaintiffs and the Settlement Class shall not be entitled to modify or set aside this

37

Agreement, either in whole or in part, by reason thereof. Plaintiffs and the Settlement Class hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute which might otherwise render unenforceable a release contained in this Agreement.

136.     With respect to all Released Claims, the Plaintiffs and the Settlement Class agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY" and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

**Injunctive Relief Class Release and Class Action Wavier**

137.     Upon the Effective Date, each of the Plaintiffs and each Injunctive Relief Class Member shall be deemed to release and forever discharge any and all Released Parties of and from liability of any kind or type whatsoever for declaratory or equitable relief arising out of or relating to the claims asserted, or that could have been asserted, in this Action regarding the Ritas Brand Products' alleged failure to disclose that they do not contain distilled spirits and/or wine, and shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any such claims for declaratory or equitable relief against any Released Party

38

in any court or forum (the "Injunctive Relief Release"). This Agreement shall be the sole and exclusive remedy available to the Injunctive Relief Class for any and all claims included in the Injunctive Relief Release. No Released Party shall be subject to liability or expense of any kind to any Injunctive Relief Class Member with respect to any claims included in the Injunctive Relief Release.

138. Plaintiffs and the Injunctive Relief Class agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. Plaintiffs and the Injunctive Relief Class further agree that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect their decisions to enter into this Agreement, the releases herein given shall be and remain in effect as a full, final and complete general release of any claims included in the Injunctive Relief Release and the Plaintiffs and the Injunctive Relief Class shall not be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof. The Plaintiffs and the Injunctive Relief Class hereby waive and relinquish, to the fullest extent permitted by law, the rights and benefits of any statute which might otherwise render unenforceable a release contained in this Agreement.

139. With respect to all claims included in the Injunctive Relief Release, the Plaintiffs and the Injunctive Relief Class agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD

39

HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY" and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

## XI.     Termination and Effect of Termination

140.   Each Party shall have the right to terminate this Settlement Agreement if: (a) the Court denies preliminary approval of this Settlement Agreement (or grants preliminary approval through an order that materially differs in substance to **Exhibit 5** hereto); (b) the Court denies final approval of this Settlement Agreement; or (c) the Final Approval Order or Final Judgment do not become final by reason of a higher court reversing Final Approval by the Court, and the Court thereafter declines to enter a further order or orders approving the Settlement on the terms set forth herein. If a Party elects to terminate this Settlement Agreement under this paragraph, that Party must provide written notice to the other Parties' counsel, by hand delivery, mail, or e-mail within fourteen (14) calendar days of the occurrence of the condition permitting termination.

141.   If the Settlement is not approved, the Parties shall meet and confer in good faith, in an effort to effectuate the material terms of the Settlement and/or negotiate a different settlement, consistent with the Parties' desire to resolve this Action. As part of this meet and confer process, the Parties shall contact Jack T. Bangert, or another mediator as mutually agreed by the Parties.

142.   Nothing shall prevent Plaintiffs and/or A-B from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of Final Approval of the Settlement. In the event such appellate proceedings result, by order of the appellate

40

court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as the Final Approval Order as that term is defined in this Settlement Agreement.

143. If this Settlement Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (a) this Settlement Agreement and all orders entered in connection therewith shall be rendered null and void; and (b) all Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately preceding the execution of this Settlement Agreement and, except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed, except that the Parties shall not seek to recover from one another any attorneys' fees, costs, and expenses incurred in connection with this Settlement, including any Settlement Notice and Administration costs already incurred by the Settlement Administrator.

## XII. Non-Admission of Fault or Liability

144. This Agreement, whether or not consummated, and any communications exchanged or actions taken pursuant to or during the negotiation of this Agreement are for settlement purposes only. Neither the fact of nor the contents of this Agreement or its exhibits, nor any communications exchanged, nor actions taken, pursuant to or during the negotiation of this Agreement, shall constitute, be construed as, or be admissible in evidence as an

Case 4:20-cv-00889-SRB   Document 64-1   Filed 07/18/22   Page 48 of 107

admission of the validity of any claim asserted or fact alleged in this Action or of any wrongdoing, fault, violation of law or liability of any kind on the part of A-B.

## XIII.   Miscellaneous

### Non-Admissibility

145.   This Agreement and all negotiations, correspondence and communications leading up to its execution, including confirmatory discovery, shall be deemed to be within the protection of Federal Rule of Evidence 408 and any analogous state or federal rules or principles. Neither this Agreement, nor any terms, conditions, contents or provisions hereof or exhibits hereto, nor any negotiations, correspondence or communications leading up to the execution of this Agreement, shall constitute a precedent or be admissible for any purpose in any proceeding; provided, however, that this Agreement shall be admissible in any proceeding related to the approval of this Agreement, to enforce any of its terms and conditions, to support or defend this Agreement in an appeal from an order granting or denying Final Approval, to enforce or assert a claim or defense of *res judicata*, *collateral estoppel*, claim preclusion, issue preclusion, settlement, release, merger and bar, or any similar claim or defense against the Plaintiffs, any Settlement Class Member, any Injunctive Relief Class member, or any third party, or in any proceeding involving A-B and any of its insurance carriers.

### Reservation of Rights

146.   This Settlement Agreement is made without prejudice to the right of A-B to take any position in its defense of the Action, should this Agreement not be approved or implemented.

/ / /

**Dispute Resolution**

147. If Plaintiffs or Class Counsel, on behalf of Plaintiffs or any Settlement or Injunctive Relief Class Member, or A-B's Counsel, on behalf of A-B, at any time believe that the other Party has breached or acted contrary to the Agreement, that Party shall notify the other Party in writing of the alleged violation. The Parties shall meet and confer in good faith to resolve the dispute. If the Parties are unable to resolve their differences within twenty-one (21) calendar days, either Party shall first contact Jack T. Bangert to try to resolve the dispute. If that proves unsuccessful, the Party may file an appropriate motion for enforcement with the Court.

**Non-Disparagement**

148. Class Counsel and Class Representatives agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the reputation of A-B regarding this matter. A-B and its attorneys agree not to disparage or otherwise take any action which could reasonably be expected to adversely affect the personal or professional reputation of Class Counsel and Class Representatives regarding this matter.

**Authority to Execute**

149. The Parties warrant and represent that the Persons executing this Agreement are duly authorized to do so.

**Signatures**

150. This Agreement may be executed in one or more counterparts, by facsimile, PDF, electronic mail, or original signature, each of which shall be deemed an original against the Party whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all Parties. The Parties agree that a

43

facsimile, PDF, or electronic signatures shall be deemed to be as valid and enforceable as original ink signatures. The Parties further agree that they may use DocuSign, an electronic signature technology, to expedite the execution of this Agreement.

**Assignment of Claims**

151.     The Parties warrant and represent that no claim or any portion of any claim referenced or released in this Agreement has been sold, assigned, conveyed, or otherwise transferred to any other entity or Person.

**Reading and Understanding**

152.     The Parties warrant and represent that they have carefully read this Agreement, have consulted their attorneys regarding this Agreement, and fully understand and voluntarily accept the terms and conditions of this Agreement.

**Reliance on Own Judgment**

153.     The Parties warrant and represent that they have relied upon their own judgment and that of their legal counsel regarding the sufficient and agreed upon consideration for this Agreement and that no statement or representation by any of the other Parties or their agents, employees, officers, directors or legal representatives influenced or induced them to execute this Agreement.

**Governing Law**

154.     This Agreement shall be construed under and governed by the laws of the State of Missouri, applied without regard to choice of law principles that may otherwise be applicable.

/ / /

**Jurisdiction of the Court**

155.    The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the resolution embodied in this Agreement and all orders and judgments entered in connection therewith. In granting Final Approval, the Court shall enjoin all actions in any jurisdiction against the Released Parties as is necessary to preserve the Court's jurisdiction.

**Entire Agreement**

156.    This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject of this Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject matter of this Agreement.

**Joint Preparation**

157.    This Agreement shall be construed as if the Parties jointly prepared it, and any uncertainty or ambiguity shall not be interpreted against any of the Parties.

**Recitals**

158.    The Recitals are a material part of this Agreement and are incorporated herein in their entirety.

**Captions**

159.    The captions used in this Agreement are for convenience and identification purposes only, and are not part of this Agreement.

**Amendment or Modification**

160.     This Agreement may not be changed, modified, or amended except in writing signed by all Parties (or their successors-in-interest) and approved by the Court. Notwithstanding the foregoing, however, the claims process set forth above may be modified by mutual agreement of the Parties without Court approval and the Parties may agree to reasonable extensions of time in which to accomplish the tasks required by the terms and conditions of this Agreement.

**Cooperation**

161.     The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of the Settlement embodied herein, carrying out the terms of this Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain Final Approval by the Court of the Settlement.

**No Waiver**

162.     The waiver of any term or condition or breach of this Agreement shall not be deemed to be a waiver of any other term or condition or breach of this Agreement and shall not be deemed to be a continuing waiver.

**Parties' Waiver of Right to be Excluded and Object**

163.     The Parties agree that by signing this Agreement they are bound to these terms. The Parties agree to not object to or appeal from this Agreement or the exhibits attached hereto. Plaintiffs further agree not to request to be excluded from the Class.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]**

**[SIGNATURES BEGIN ON FOLLOWING PAGE]**

.

DocuSign Envelope ID: BA5E32D5-7431-491F-BFF3-08538D4D05E3

APPROVED AND AGREED TO BY THE PLAINTIFFS

By: _____  Date: _____
     *Megan Browning*       7/18/2022 | 1:49 PM EDT

Megan Browning


By: _____  Date: _____

Terri Cole


By: _____  Date: _____

Tanya Cooper


By: _____  Date: _____

Allen Kesselring


By: _____  Date: _____

Joseph Rose


By: _____  Date: _____

Judy Scaturro



APPROVED AND AGREED TO BY ANHEUSER-BUSCH, LLC


By: _____  Date: _____

Title: _____

48

DocuSign Envelope ID: 6EA976DC-9C38-45B8-9919-28B10BC66DEF

APPROVED AND AGREED TO BY THE PLAINTIFFS


By: _____     Date: _____

    Megan Browning


By: _____     Date: 7/15/2022 | 6:37 PM EDT
                                                 _____

    Terri Cole


By: _____     Date: _____

    Tanya Cooper


By: _____     Date: _____

    Allen Kesselring


By: _____     Date: _____

    Joseph Rose


By: _____     Date: _____

    Judy Scaturro



APPROVED AND AGREED TO BY ANHEUSER-BUSCH, LLC


By: _____     Date: _____

Title: _____

DocuSign Envelope ID: B0637C51-FF49-425C-BD9A-73BBEF251D09

APPROVED AND AGREED TO BY THE PLAINTIFFS


By: _____          Date: _____

    Megan Browning


By: _____          Date: _____

    Terri Cole


By: _____          Date: 7/15/2022 | 6:34 PM EDT
                                                _____

    Tanya Cooper


By: _____          Date: _____

    Allen Kesselring


By: _____          Date: _____

    Joseph Rose


By: _____          Date: _____

    Judy Scaturro


APPROVED AND AGREED TO BY ANHEUSER-BUSCH, LLC


By: _____          Date: _____

Title: _____

APPROVED AND AGREED TO BY THE PLAINTIFFS

By: _____     Date: _____

    Megan Browning

By: _____     Date: _____

    Terri Cole

By: _____     Date: _____

    Tanya Cooper

By: _____     Date: 7/16/2022 | 10:42 AM PDT

    Allen Kesselring

By: _____     Date: _____

    Joseph Rose

By: _____     Date: _____

    Judy Scaturro

APPROVED AND AGREED TO BY ANHEUSER-BUSCH, LLC

By: _____     Date: _____

Title: _____

DocuSign Envelope ID: 42E0945E-0408-4DAD-9F04-35E98FC267A4

APPROVED AND AGREED TO BY THE PLAINTIFFS

By: _____     Date: _____

    Megan Browning


By: _____     Date: _____

    Terri Cole


By: _____     Date: _____

    Tanya Cooper


By: _____     Date: _____

    Allen Kesselring


By: _____     Date:   7/15/2022 | 6:55 PM EDT

    Joseph Rose


By: _____     Date: _____

    Judy Scaturro


APPROVED AND AGREED TO BY ANHEUSER-BUSCH, LLC

By: _____     Date: _____

Title: _____

DocuSign Envelope ID: 90C4398C-F173-4A11-902F-A8ED0F418C78

APPROVED AND AGREED TO BY THE PLAINTIFFS

By: _____    Date: _____

   Megan Browning


By: _____    Date: _____

   Terri Cole


By: _____    Date: _____

   Tanya Cooper


By: _____    Date: _____

   Allen Kesselring


By: _____    Date: _____

   Joseph Rose

By: _____    Date: 7/18/2022 | 9:13 AM PDT
                                               _____

   Judy Scaturro


APPROVED AND AGREED TO BY ANHEUSER-BUSCH, LLC

By: _____    Date: _____

Title: _____

48

APPROVED AS TO FORM BY CLASS COUNSEL


By: _____    Date: _____7 – 1 8 – 2 2_____
    Tim E. Dollar

    Dollar Burns & Becker, L.C.


By: _____    Date: _____7/18/22_____
    Timothy J. Peter

    Faruqi & Faruqi, LLP


APPROVED AS TO FORM BY COUNSEL FOR ANHEUSER-BUSCH, LLC


By: _____    Date: _____
    James F. Bennett

    Dowd Bennett LLP


49

APPROVED AND AGREED TO BY THE PLAINTIFFS


By: _____          Date: _____

    Megan Browning


By: _____          Date: _____

    Terri Cole


By: _____          Date: _____

    Tanya Cooper


By: _____          Date: _____

    Allen Kesselring


By: _____          Date: _____

    Joseph Rose


By: _____          Date: _____

    Judy Scaturro


APPROVED AND AGREED TO BY ANHEUSER-BUSCH, LLC


By: *Seth Hawkins*          Date: **Jul 18, 2022**

    Seth Hawkins (Jul 18, 2022 12:55 CDT)

Title: Vice President & General Counsel


By: *Molly M. Jones*          Date: **Jul 18, 2022**

    Molly M. Jones (Jul 18, 2022 16:00 CDT)

Title: Sr. Associate General Counsel

48

APPROVED AS TO FORM BY CLASS COUNSEL


By: _____        Date: _____
    Tim E. Dollar

    Dollar Burns & Becker, L.C.


By: _____        Date: _____
    Timothy J. Peter

    Faruqi & Faruqi, LLP


APPROVED AS TO FORM BY COUNSEL FOR ANHEUSER-BUSCH, LLC


By: _James F. Bennett_____        Date: _7/18/22_____
    James F. Bennett

    Dowd Bennett LLP

49

# EXHIBIT 1

**United States District Court for the Western District of Missouri**

*Browning, et. al., v. Anheuser-Busch, LLC,* **Case No. 20-cv-00889-SRB**

<u>**ELECTRONIC CLAIM FORM AND INSTRUCTIONS**</u>

If you purchased one or more RITAS™ Brand Products* at any time from January 1, 2018 through ========, you can complete this Claim Form to be eligible to receive a cash payment under the Settlement.

* RITAS™ Brand Products include any packaged or single-serve (bottles or cans) RITAS™ brand Margarita, Spritz, or Fizz product (e.g., Lime-A-Rita), or any variety pack containing any of the foregoing products. For examples of RITAS™ Brand Products, please click <u>here</u> or visit the Settlement Website at =======.

Claim Forms must be completed and submitted by no later than [Claims Deadline].

You have two options for filing your claim. If you do not have Proof of Purchase, you must choose **Option A**. If you have Proof of Purchase, you may choose either **Option A** or **Option B**, but not both.

- Under **Option A,** you may seek a refund of up to $0.85 per RITAS™ Brand Product purchased, **up to a maximum amount of $9.75** depending on the number of products you purchased.

- Under **Option B,** you may seek a refund of up to $0.85 per RITAS™ Brand Product purchased, **up to a maximum amount of $21.25** depending on the number of products you purchased.

<u>**SECTION 1: CLASS MEMBER INFORMATION**</u>

_____  \_\_\_\_  _____
First Name                                          M.I.    Last Name

_____
Street Address

_____  \_\_\_ \_\_\_   \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_
City                                                        State         Zip Code

_____@_____
Email Address

( \_\_\_ \_\_\_ \_\_\_ ) \_\_\_ \_\_\_ \_\_\_-\_\_\_ \_\_\_ \_\_\_ \_\_\_
Phone Number

1

## SECTION 2: CLAIM AND POTENTIAL CASH REFUND

☐ **Option A**: **I purchased RITAS™ Brand Product(s), but I _do not_ have Proof of Purchase.**

If you select this Option, please provide how many units of each category of RITAS™ Brand Product(s) you purchased between January 1, 2018 through _____.

| RITAS™ Brand Product Category | What Size Package? | Number of items purchased |
|---|---|---|
| **12 oz. bottles or cans (sold in packages of Four, Six, Twelve, or Twenty-for)** | | |
| **16 oz. cans (sold in packages of Four or Six)** | | |
| **8 oz. cans (sold in packages of Twelve or Twenty-four)** | | |
| **25 oz. cans (sold individually or in a Two pack)** | | |
| **22 oz. bottle (sold individually)** | | |
| **RITAS™ Brand Products sold in a packaging configuration not listed above** | | |

**Total: $[automatically calculated based on selected number; capped at $9.75]**

☐ **Option B: I purchased RITAS™ Brand Products, and I _do_ have Proof of Purchase.**

If you select this option, please attach or upload your Proof of Purchase, which can be any receipt, copies of receipts, paid invoice, or other legitimate proof showing your purchase of any RITAS™ Brand Product(s) from either Anheuser-Busch, LLC or any other store. **NOTE**: Your refund will be determined based on the number and type of products purchased and will be limited to a maximum amount of $21.25. If you select this Option, you will only receive a refund for products purchased for which you provide a valid Proof of Purchase.

| RITAS™ Brand Product Category | What Size Package? | Number of items purchased |
|---|---|---|
| 12 oz. bottles or cans (sold in packages of Four, Six, Twelve, or Twenty-for) | | |
| 16 oz. cans (sold in packages of Four or Six) | | |
| 8 oz. cans (sold in packages of Twelve or Twenty-four) | | |
| 25 oz. cans (sold individually or in a Two-pack) | | |
| 22 oz. bottle (sold individually) | | |
| RITAS™ Brand Products sold in a packaging configuration not listed above | | |

**Total: $[automatically calculated based on selected number; capped at $21.25]**

**[ATTACH PROOF HERE]**

**SECTION 3: MARK THE BOX STATING YOUR PREFERRED METHOD OF PAYMENT**

**Electronic Payment:**

Please double-check that the email address you provided at the top of this form is correct and current. If you select PayPal but fail to take receipt of the PayPal funds within a certain number of days, the money will be returned to the Qualified Settlement Fund, and you will be issued a prepaid electronic debit card to the email address that you have provided.

[ ] Electronic Payment via Venmo

[ ] Electronic Payment via PayPal

[ ] Payment via prepaid electronic debit card

[ ] Direct Deposit via ACH

**Mailed Payment:**

Please double-check that the address information you provided at the top of this form is correct and current.

[ ] Payment via a paper check

3

**SECTION 4: SIGN AND DATE THE AFFIRMATION BELOW:**

I hereby affirm, under penalty of perjury under the laws of the United States of America, each of the following:

- I personally purchased the RITAS™ Brand Products listed above for personal consumption, and not for resale.
- I understand that by not opting out of the Settlement, I have given a complete Release of all Released Claims.
- The information provided in this Claim Form is true and correct to the best of my knowledge.

_____          _____
Signature                                                                            Date


**ACCURATE CLAIMS PROCESSING TAKES TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above Claim Form and complete all of the information requested above.
2. If filing under Option B, attach or upload a copy of your Proof(s) of Purchase.
3. Keep a copy of your Claim Form and supporting documentation for your records.

# EXHIBIT 2

*Browning, et. al., v. Anheuser-Busch, LLC,* **Case No. 20-cv-00889-SRB**

### MAILED CLAIM FORM AND INSTRUCTIONS

If you purchased one or more RITAS™ Brand Products* at any time from January 1, 2018 through _____, you can complete this Claim Form to be eligible to receive a cash payment under the Settlement.

*RITAS™ Brand Products include any packaged and single-serve (bottles or cans) RITAS™ brand Margarita, Spritz, or Fizz product (e.g., Lime-A-Rita), or any variety pack containing any of the foregoing products. For examples of RITAS™ Brand Products, please see the illustrative list available on the Settlement Website: -------.

Claim Forms must be completed and submitted by U.S. mail, postmarked no later than [Claims Deadline] to the following:

*Browning, et. al., v. Anheuser-Busch, LLC*
c/o
----
------

**NOTE:** If you wish to receive payment electronically, you must provide your email address.

You have two options for filing your claim. If you do not have Proof of Purchase, you must choose **Option A**. If you have Proof of Purchase, you may choose either **Option A** or **Option B**, but not both.

- Under **Option A,** you may seek a refund of up to $0.85 per RITAS™ Brand Product purchased, **up to a maximum amount of $9.75** depending on the number of products you purchased.

- Under **Option B,** you may seek a refund of up to $0.85 per RITAS™ Brand Product purchased, **up to a maximum amount of $21.25** depending on the number of products you purchased.

### SECTION 1: CLASS MEMBER INFORMATION

_____     _____     _____
First Name                                                        M.I.          Last Name

_____
Street Address

_____     ___ ___     ___ ___ ___ ___ ___
City                                                                                State          Zip Code

_____@_____
Email Address

( ___ ___ ___ ) ___ ___ ___-___ ___ ___ ___
Phone Number

1

# SECTION 2: CLAIM AND POTENTIAL CASH REFUND

☐ **Option A**: I purchased RITAS™ Brand Product(s), but I *do not* have Proof of Purchase.

If you select this Option, please provide how many units of each category of RITAS™ Brand Product(s) you purchased between January 1, 2018 through �ढ़▒▒▒▒▒. **NOTE**: Your refund will be determined based on the number and type of products purchased and will be limited to a maximum amount of $9.75.

| RITAS™ Brand Product Category | What Size Package? | Number of items purchased? |
|---|---|---|
| 12 oz. bottles or cans (sold in packages of Four, Six, Twelve, or Twenty-for) | | |
| 16 oz. cans (sold in packages of Four or Six) | | |
| 8 oz. cans (sold in packages of Twelve or Twenty-four) | | |
| 25 oz. cans (sold individually or in a Two pack) | | |
| 22 oz. bottle (sold individually) | | |
| RITAS™ Brand Products sold in a packaging configuration not listed above | | |

☐ **Option B**: I purchased RITAS™ Brand Products, and I *do* have Proof of Purchase.

If you select this option, please include your Proof of Purchase, which can be any receipt, copies of receipts, paid invoice, or other legitimate proof showing your purchase of any RITAS™ Brand Product from either Anheuser-Busch, LLC or any other store. **NOTE**: Your refund will be determined based on the number and type of products purchased and will be limited to a maximum amount of $21.25. If you select this Option, you will only receive a refund for products purchased for which you provide a valid Proof of Purchase.

| RITAS™ Brand Product Category | What Size Package? | Number of items purchased? |
|---|---|---|
| 12 oz. bottles or cans (sold in packages of Four, Six, Twelve, or Twenty-for) | | |
| 16 oz. cans (sold in packages of Four or Six) | | |
| 8 oz. cans (sold in packages of Twelve or Twenty-four) | | |
| 25 oz. cans (sold individually or in a Twopack) | | |
| 22 oz. bottle (sold individually) | | |
| RITAS™ Brand Products sold in a packaging configuration not listed above | | |

## SECTION 3: MARK THE BOX STATING YOUR PREFERRED METHOD OF PAYMENT

**Electronic Payment:**

Please double-check that the <u>email address</u> you provided at the top of this form is correct and current. If you select PayPal but fail to take receipt of the PayPal funds within a certain number of days, the money will be returned to the Qualified Settlement Fund, and you will be issued a prepaid electronic debit card to the email address that you have provided.

[ ] Electronic Payment via Venmo

[ ] Electronic Payment via PayPal

[ ] Payment via prepaid electronic debit card

[ ] Direct Deposit via ACH

**Mailed Payment:**

Please double-check that the <u>address information</u> you provided at the top of this form is correct and current.

[ ] Payment via a paper check

---

## SECTION 4: SIGN AND DATE THE AFFIRMATION BELOW

I hereby affirm, under penalty of perjury under the laws of the United States of America, each of the following:

- I personally purchased the RITAS™ Brand Products listed above for personal consumption, and not for resale.
- I understand that by not opting out of the Settlement, I have given a complete Release of all Released Claims.
- The information provided in this Claim Form is true and correct to the best of my knowledge.

_____          _____
Signature                                        Date

## ACCURATE CLAIMS PROCESSING TAKES TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above Claim Form and complete all of the information requested above.
2. If filing under Option B, enclose a copy of your Proof(s) of Purchase.
3. Keep a copy of your Claim Form and supporting documentation for your records.

# EXHIBIT 3

To: <<Class Member Email>>
From: Settlement Administrator <noreply@XXXXXXX.com>
Subject: Ritas™ Brand Products Class Action Settlement

# If You Purchased Ritas™ Brand Products (e.g. Lime-A-Rita) on or after January 1, 2018, You May Be Eligible For Compensation From A Class Action Settlement.

**What Is This Notice About?** A Settlement has been reached in a class action lawsuit filed against Defendant Anheuser-Busch, LLC regarding Ritas™ Brand Products for alleged violations of false advertising laws for allegedly implying that that Ritas™ Brand Products contain certain distilled spirits (such as tequila) and/or wine when they do not. The Defendant denies all allegations and has settled this lawsuit to avoid further litigation. The Court has not decided who is right.

**Who's In the Settlement? You are receiving this email as records indicate you may be a Class Member.** You are a Settlement Class Member if you are a person who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018, through Month DD, 20YY. A list of the Ritas™ Brand Products can be found here.

### Click here to submit a Claim

**What does the Settlement Provide?** If you are a Settlement Class Member, you can submit a Claim Form to receive a cash Settlement Payment refund for Ritas™ Brand Products you purchased for personal consumption. You may seek a refund up to a maximum of $21.25 per Household with Proof of Purchase or you may seek a refund up to a maximum of $9.75 per Household without Proof of Purchase. Valid Proof of Purchase includes a receipt, copies of receipts, paid invoice, or other legitimate proof showing payment for any of the Ritas™ Brand Products for personal consumption, and not for resale.

**What are Your Options?** If you are a Settlement Class Member, you must submit a Claim Form to qualify for a cash Settlement Payment. You can quickly and easily file your Claim online here. You can also download a paper Claim Form from the website or get one by calling the Settlement Administrator at 1-XXX-XXX-XXXX. The completed Claim Form must be submitted online by **MONTH DAY, 20XX**, or by mail postmarked by **MONTH DAY, 20XX.**

If you do not want a cash Settlement Payment, and want to keep the right to sue or continue to sue the Defendant on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement (get out of the Settlement). This is called "excluding

yourself"—or is sometimes referred to as "opting out" of the Settlement Class.  Unless you exclude yourself from the Settlement Class, you will remain in the Settlement Class, and that means you cannot sue, continue to sue or be part of any other lawsuit against the Defendant about the legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  Your request for exclusion must be submitted by mail postmarked by **MONTH DAY, 20XX**.  If you do not exclude yourself from the Settlement, you may object to the Settlement if you do not like any part of it.  The deadline to object is **MONTH DAY, 20XX.**

The Court will hold a Final Approval Hearing on **MONTH DAY, 20XX**, to determine whether to approve the Settlement as fair, reasonable, and adequate. The Court will also consider Class Counsel's request for attorneys' fees, costs and expenses and the request for Class Representative Service Awards. If there are Objections, the Court will consider them. You may appear at the Final Approval Hearing, but you are not required to attend. You may also hire your own attorney, at your own expense, to appear or speak for you at the hearing.

This notice summarizes the proposed Settlement.  More information on the lawsuit and your rights are available at the <u>Settlement Website</u> or by calling toll-free 1-XXX-XXX-XXXX.

# If You Purchased Ritas™ Brand Products, You May Be Eligible to Receive a Partial Refund from a Class Action Settlement.

A Settlement has been reached in a class action lawsuit filed against Defendant Anheuser-Busch, LLC regarding Ritas™ Brand Products for alleged violations of false advertising laws for allegedly implying that that Ritas™ Brand Products contain certain distilled spirits (such as tequila) and/or wine when they do not. The Defendant denies all allegations and has settled this lawsuit to avoid further litigation. The Court has not decided who is right. If you purchased one or more Ritas™ Brand Products for personal consumption, and not for resale, from January 1, 2018 through [Date], you are included in the Settlement and may be eligible to receive a partial refund of up to $9.75 without proof of purchase, or $21.75 if you do have proof of your purchases. However, if you want to receive a payment from the Settlement, you must file a claim. To see a list of the Ritas™ Brand Products, or to file a claim, please visit www.xxxxxxxxxxxx.com.

The deadline to file a claim is **MONTH DAY, 20XX**. You can also download a paper claim from the website or by calling the phone number below. If you do not want to be bound by the Settlement you must exclude yourself by **MONTH DAY, 20XX**. If you do not exclude yourself, you may object to the Settlement by **MONTH DAY, 20XX**. The Court will hold a Final Approval Hearing on **MONTH DAY, 20XX**, to determine whether to approve the Settlement as fair, reasonable, and adequate.

This notice is only a short summary of the lawsuit and your rights. Detailed information about the claims in the lawsuit, the Defendants' reply and all of your rights if you are a Class Member is available at www.xxxxxxxxxxxx.com or by calling toll-free 1-XXX-XXX-XXXX.

# EXHIBIT 4

# If You Purchased Ritas™ Brand Products, You May Be Eligible to Receive a Partial Refund from a Class Action Settlement.

**SI DESEA RECIBIR ESTA NOTIFICACIÓN EN ESPAÑOL, LLÁMENOS O VISITE NUESTRA PÁGINA WEB**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit filed against Defendant Anheuser-Busch, LLC ("Anheuser-Busch" or "Defendant") regarding Ritas™ Brand Products for alleged violations of false advertising laws for allegedly implying that that Ritas™ Brand Products contain certain distilled spirits (such as tequila) and/or wine when they do not. The Defendant denies all allegations and has settled this lawsuit to avoid further litigation. The Court has not decided who is right.

- If you are a person who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018, through Month DD, 20YY [Preliminary Settlement Approval Date], then you are a "Settlement Class Member".

- Settlement Class Members can submit a Claim Form to receive a cash Settlement Payment for Ritas™ Brand Products purchased for personal consumption, and not for resale based on the size or unit type purchased.

  o **Claims *without* Proof of Purchase:** You may seek a refund up to a maximum of **$9.75** per Household without Proof of Purchase; or

  o **Claims *with* Proof of Purchase:** You may seek a refund up to a maximum of **$21.25** per Household with Proof of Purchase.

- You are an Injunctive Relief Class Member if you purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018, through Month DD, 20YY. Injunctive relief means Anheuser-Busch will make certain changes to its marketing and advertising practices with respect to the Ritas™ Brand Products.

- Your legal rights are affected whether or not you act. ***Please read this notice carefully***.

| YOUR RIGHTS AND CHOICES | | DEADLINE |
|---|---|---|
| **Submit a Claim Form** | The only way to get a cash Settlement Payment is to submit a Claim Form with and/or without Proof of Purchase. | **MONTH DD, 20YY** |
| **Exclude Yourself (Opt Out)** | Get no cash Settlement Payment but keep any right to file your own lawsuit against Defendant about the legal claims in this case. You cannot opt out of your status as an Injunctive Relief Class Member. | **MONTH DD, 20YY** |
| **Object** | Tell the Court why you do not like the Settlement. If the Settlement is approved, you will still be bound by the Settlement, and you may still file a Claim Form for a cash Settlement Payment. | **MONTH DD, 20YY** |
| **Attend A Hearing** | Ask to speak in Court about why you do not support the Settlement or any of its provisions. | File Notice of Appearance by: **MONTH DD, 20YY** |
| **Do Nothing** | Get no cash Settlement Payment. Give up some legal rights. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Cash Settlement Payments will be sent if the Court approves the Settlement and after any appeals are resolved. Please be patient.

**Questions? Visit www.xxxxxxxxxx.com or Call 1-xxx-xxx-xxxx**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...............................................................................................PAGE X
1. Why is this Notice being provided?
2. What is this class action lawsuit about?
3. What is a class action?
4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT**.............................................................................PAGE X
5. Am I part of the Settlement?
6. Which Ritas™ Brand Products are included in the Settlement?

**THE SETTLEMENT BENEFITS — WHAT YOU GET** ...........................................PAGE X
7. What does the Settlement provide to Settlement Class Members?
8. What does the Settlement provide to Injunctive Relief Class Members?

**HOW TO GET BENEFITS FROM THE SETTLEMENT**......................................PAGE X
9. How can I get my cash Settlement Payment?
10. When will I receive my cash Settlement Payment?
11. What am I giving up to receive these Settlement benefits?
12. What are the Released Claims?

**THE LAWYERS REPRESENTING YOU** .................................................................PAGE X
13. Do I have lawyers in this case?
14. How will the lawyers be paid?

**YOUR RIGHTS — EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................PAGE X
15. How do I exclude myself from the Settlement Class?
16. If I exclude myself, can I get anything from the Settlement?

**YOUR RIGHTS — OBJECTING TO THE SETTLEMENT** .......................................PAGE X
17. How do I object to the Settlement?
18. What is the difference between objecting and asking to be excluded?

**YOUR RIGHTS — APPEARING AT THE FINAL APPROVAL HEARING** ............................PAGE X
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the Final Approval Hearing?
21. May I speak at the Final Approval Hearing?

**YOUR RIGHTS — DO NOTHING**.......................................................................PAGE X
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.......................................................................PAGE X
23. Are there more details about the Settlement?
24. How do I get more information?

**Questions? Visit www.xxxxxxxxxx.com or Call 1-xxx-xxx-xxxx**

**2**

Case 4:20-cv-00889-SRB   Document 64-1   Filed 07/18/22   Page 79 of 107

# BASIC INFORMATION

## 1. Why is this Notice being provided?

A federal court authorized this Notice regarding the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the class action lawsuit, the proposed Settlement, your legal rights, what benefits are available, who is eligible for benefits, and how to get benefits. For the precise terms of the Settlement, please review the Settlement Agreement, at www.xxxxxxxxxx.com.

The Honorable Stephen R. Bough of the United States District Court for the Western District of Missouri is overseeing this class action. The lawsuit is known as *Browning, et al., v. Anheuser-Busch, LLC,* Case No. 20-cv-00889-SRB (the "Action"). The people who filed this lawsuit are called the Plaintiffs, and the company they sued, Anheuser-Busch, LLC is called the Defendant or Anheuser-Busch.

## 2. What is this class action lawsuit about?

The lawsuit alleges violations of false advertising laws for alleged implications that Ritas™ Brand Products contain certain distilled spirits (such as tequila) and/or wine when they do not. The Defendant denies all allegations. The Court has not decided who is right.

## 3. What is a class action?

In a class action lawsuit, one or more persons or entities called class representatives sue on behalf of other persons and entities that have similar claims. The people and entities together are a "Settlement Class" or "Settlement Class Members" and/or an "Injunctive Relief Class." One court resolves the issues for everyone in the Settlement Class and Injunctive Relief Class. An individual who may be a member of the Settlement Class may exclude themselves (opt out) of the Settlement Class and they will no longer be a member of the Settlement Class. No member of the Injunctive Relief Class may exclude themselves (opt out) from the Injunctive Relief Class.

## 4. Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or the Defendant. Instead, both sides agreed to a Settlement. By agreeing to settle, both sides avoid the cost and risk of a trial. The Plaintiffs and Class Counsel believe the Settlement is best for the Settlement Class and Injunctive Relief Class, and represents a fair, reasonable, and adequate resolution of the lawsuit.

The Defendant denies the claims in the lawsuit and all allegations of wrongdoing, fault, liability or damage to the Plaintiffs, the Settlement Class, and the Injunctive Relief Class. The Defendant nevertheless recognizes the expense and time that would be required to defend the lawsuit through trial and has taken this into account in agreeing to this Settlement.

# WHO IS IN THE SETTLEMENT

## 5. Am I part of the Settlement?

**Settlement Class:** You are a Settlement Class Member if you are a person who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018, through Month DD, 20YY [Preliminary Settlement Approval Date].

Excluded from the Settlement Class are the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties

**Questions? Visit www.xxxxxxxxxx.com or Call 1-xxx-xxx-xxxx**

**3**

Case 4:20-cv-00889-SRB   Document 64-1   Filed 07/18/22   Page 80 of 107

(and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; Anheuser-Busch, any entity in which Anheuser-Busch has a controlling interest, any of Anheuser-Busch's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any Persons who timely opt out of the Settlement Class.

**Injunctive Relief Class:** You are an Injunctive Relief Class Member if you purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018, through Month DD, 20YY [60 days following the Effective Date, date Final Approval Order becomes final, non-appealable].

Excluded from the Injunctive Relief Class are the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, counsel to the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; Anheuser-Busch, any entity in which Anheuser-Busch has a controlling interest, any of Anheuser-Busch's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family.

If you are unsure whether you are included, you can call or email the Settlement Administrator at 1-xxx-xxx-xxxx or info@xxxxxxxx.com.

| 6. Which Ritas™ Brand Products are included in the Settlement? |
| --- |

For purposes of the Settlement, Ritas™ Brand Products or Products means any packaged (bottles or cans, including single-serve) Ritas™ brand Margarita, Spritz, or Fizz Product, or any variety pack containing any of the foregoing products. Ritas™ Brand Products that are already in compliance with the labeling and packaging changes as detailed in the Settlement Agreement ¶ 84 are excluded.

For the complete list of Ritas™ Brand Products included in the Settlement, please visit the Settlement Website at www.xxxxxxxxxx.com.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 7. What does the Settlement provide to Settlement Class Members? |
| --- |

**Cash Settlement Payment:** If you are a Settlement Class Member, you can submit a Claim Form to receive a cash Settlement Payment refund for Ritas™ Brand Products you purchased for personal consumption, based on the following size or unit type purchased:

| | |
| --- | --- |
| 12 oz. bottles or cans | 8 oz. cans |
| ▪ Four pack…………………..……$0.15 | ▪ Twelve pack….……………$0.30 |
| ▪ Six pack…………………$0.25 | ▪ Twenty-four pack………….$0.60 |
| ▪ Twelve pack…………………$0.45 | 25 oz. cans |
| ▪ Twenty-four pack…..………$0.85 | ▪ Single….………………..$0.10 |
| 16 oz. cans | ▪ Two pack…..………………$0.15 |
| ▪ Four pack…………………$0.20 | 22 oz. bottle |
| ▪ Six pack…...………………$0.30 | ▪ Single….………………..$0.10 |
| Any Unlisted Package Configuration…..$0.50 | |

- **Claims *without* Proof of Purchase:** You may seek a refund up to a maximum of **$9.75** per Household without Proof of Purchase; or

**Questions? Visit www.xxxxxxxxxx.com or Call 1-xxx-xxx-xxxx**

4

Case 4:20-cv-00889-SRB   Document 64-1   Filed 07/18/22   Page 81 of 107

- **Claims *with* Proof of Purchase:** You may seek a refund up to a maximum of **$21.25** per Household with Proof of Purchase.

- If you have Proof of Purchase for some or all of the Products purchased from January 1, 2018, through Month DD, 20YY [Preliminary Settlement Approval Date], you may file a Claim *with* Proof of Purchase or a Claim *without* Proof of Purchase, not both.

**Proof of Purchase** means a receipt, copies of receipts, paid invoice, or other legitimate proof showing payment for any of the Ritas™ Brand Products for personal consumption, and not for resale.

**Household** means any number of Persons cohabitating and related by blood, marriage, or civil union, in the same dwelling unit or physical address.

Settlement Class Members living in the same Household who each submit a Claim Form will only be able to receive a collective maximum payment of $9.75 (*without* proof of purchase) or $21.25 (*with* proof of purchase) per Household, and the total amount paid will be paid to the first submitted valid, timely Claim in the Household.

## 8. What does the Settlement provide to Injunctive Relief Class Members?

Anheuser-Busch has also agreed to make changes for the benefit of the Injunctive Relief Class Members. Not later than six (6) months from Month DD, 20YY, Anheuser-Busch will make the following changes to its business practices as to Ritas™ Brand Products manufactured and sold in the United States by Anheuser-Busch:

- The phrase "Malt Beverage" will be included on the Ritas™ Brand Products;

- The phrase "Malt Beverage" will be included on the vertical panels (i.e., front, back, and sides) of all consumer facing packages of the Ritas™ Brand Products;

- The phrase "Does not contain distilled spirits" will be included on the individual product page of the Ritas™ Brand Products' website; and

- The font type face and size, position, color, and setoff of the disclosures will be updated to sufficiently inform a reasonable consumer of the source of alcohol in the Ritas™ Brand Products while not unduly impairing Anheuser-Busch's marketing.

These business practice changes as to the Ritas™ Brand Products will be maintained by Anheuser-Busch for at least five (5) years from Month DD, 20YY, subject to all necessary regulatory approvals by appropriate governing agencies.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 9. How can I get my cash Settlement Payment?

If you are a Settlement Class Member, you must submit a Claim Form to qualify for a cash Settlement Payment. You can file your Claim at www.xxxxxxxxxxx.com. You can also download a paper Claim Form from the website or get one by calling the Settlement Administrator at 1-xxx-xxx-xxxx. The Claim Form must be submitted online by **Month DD, 20YY**, or by mail at the address below, **postmarked** by **Month DD, 20YY**.

Browning v. Anheuser-Busch Settlement
PO Box xxxx
Portland, OR 972xx-xxxx

Upon receiving a completed Claim Form, the Settlement Administrator will review your claim and any documentation and confirm or deny your eligibility for a cash Settlement Payment.

## 10. When will I receive my cash Settlement Payment?

The Court will hold a hearing on **Month DD, 20YY**, at xx:xx x.m. (which is subject to change), to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals. The appeal process can take time. If you file a valid Claim Form, you will not receive a cash Settlement Payment until any appeals are resolved. Please be patient.

## 11. What am I giving up to receive these Settlement benefits?

Unless you exclude yourself ("opt out") from the Settlement Class by submitting a Request for Exclusion from the Settlement Class by the deadline, you will remain in the Settlement Class, and that means you cannot sue, continue to sue or be part of any other lawsuit against Anheuser-Busch and the Released Parties about the legal issues in this lawsuit that are released by this Settlement. The specific rights you are giving up are called Released Claims. It also means that all of the Court's orders will apply to you and legally bind you. You cannot exclude yourself from the Injunctive Relief Class.

## 12. What are the Released Claims?

The Settlement Agreement in Section X describes the Releases, in necessary legal terminology, so please read that section carefully. The Settlement Agreement is available at www.xxxxxxxxxxx.com or in the public Court records on file in this lawsuit. For questions regarding the Releases or Released Claims and what the language in the Settlement Agreement means, you can also contact one of the lawyers listed in Question 13 for free, or you can talk to your own lawyer at your own expense.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have lawyers in this case?

The Court appointed the law firms of Faruqi & Faruqi, LLP and Dollar, Burns, Becker, & Hershewe, L.C. as "Class Counsel" to represent Settlement Class Members and Injunctive Relief Class Members. Class Counsel believe, after conducting an extensive investigation, that the Settlement is fair, reasonable, and in the best interests of the Settlement Class Members and Injunctive Relief Class Members. You will not be charged for these lawyers. If you want to be represented by a different lawyer in this case, you may hire one at your own expense. You may contact Class Counsel if you have any questions about this Notice or the Settlement.

| **FARUQI & FARUQI, LLP** | **DOLLAR, BURNS, BECKER, & HERSHEWE L.C.** |
|---|---|
| 1901 Avenue of the Stars, Ste. 1060 | 1100 Main Street, Suite 2600 |
| Los Angeles, CA 90067 | Kansas City, MO 64105 |
| Telephone: (424) 256-2884 | Telephone: (816) 876-2600 |

## 14. How will the lawyers be paid?

Separate from the cash Settlement Payments to be paid to Settlement Class Members, Class Counsel may submit a request to the Court for attorneys' fees, costs, and expenses up to $2.1 million. Anheuser-Busch has the right to oppose this request and the Court may award less than this amount. Class Counsel may also submit a request to the Court for Class Representative Service Awards up to $2,500 to be paid to each Class Representative for their time and effort in pursuing this Action and Settlement. Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses will be available at www.xxxxxxxxxxx.com once it has been filed.

**Questions? Visit www.xxxxxxxxxxx.com or Call 1-xxx-xxx-xxxx**
6

Case 4:20-cv-00889-SRB   Document 64-1   Filed 07/18/22   Page 83 of 107

# Your Rights – Excluding Yourself From The Settlement

If you do *not* want a cash Settlement Payment from the Settlement and you want to keep the right to sue or continue to sue the Defendant on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement (get out of the Settlement). This is called "excluding yourself"—or is sometimes referred to as "opting out". You may not exclude yourself (opt out) of the Injunctive Relief Class.

## 15. How do I exclude myself from the Settlement Class?

To exclude yourself from the Settlement Class, you must submit a valid and timely Request for Exclusion that includes the following:

- Your name;
- Your current address;
- Your telephone number;
- Your signature and date of signature; and
- A statement that you want to be excluded from the Settlement Class in *Browning, et al., v. Anheuser-Busch, LLC,* Case No. 20-cv-00889-SRB.

Your Request for Exclusion must be mailed via U.S. Mail, **postmarked** by **Month DD, 20YY**, to:

Browning v. Anheuser-Busch Settlement
Request for Exclusion
PO Box xxxx
Portland, OR 972xx-xxxx

If you do not follow these procedures and deadlines, you will remain a Settlement Class Member and lose any opportunity to exclude yourself from the Settlement Class. This means that your rights will be determined in this lawsuit by the Settlement Agreement if it receives final approval from the Court.

No Injunctive Relief Class Members may opt out or request exclusion of the injunctive relief agreed to in the Settlement Agreement.

## 16. If I exclude myself, can I get anything from the Settlement?

If you exclude yourself from the Settlement Class, you are telling the Court you do not want to be part of the Settlement Class. As such, if you exclude yourself, you will not get a Settlement Payment. You can only get a Settlement Payment if you stay in the Settlement. You cannot exclude yourself from the Injunctive Relief Class.

# Your Rights – Objecting to The Settlement

You can tell the Court that you do not agree with the Settlement or some part of it.

## 17. How do I object to the Settlement?

If you are a Settlement Class Member and/or an Injunctive Relief Class Member, you can object to the Settlement if you do not think it is fair. The Court will consider your views. However, you cannot ask the Court for a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no cash Settlement Payments will be sent out, no Injunctive Relief will be available, and the lawsuit may continue.

To object, you must file a written Objection, which includes the following information:

- A title that identifies the document as an "Objection to Class Settlement in *Browning, et al., v. Anheuser-Busch, LLC* Case No. 20-cv-00889-SRB";

- Your name, address, email address (if available), and telephone number. If you have hired a lawyer, you must also provide this information for your lawyer;

- A statement of whether you or your lawyer plan to appear at the Final Approval Hearing;

- A statement of whether your Objection applies only to you, to a specific subset of the Settlement Class or Injunctive Relief Class, or the entire Settlement Class or Injunctive Relief Class;

- A clear and concise statement of your Objection, including all bases and legal grounds for the Objection;

- Documents showing that you are a Settlement Class Member or Injunctive Relief Class Member (i.e. Proof of Purchase or a verification under penalty of perjury as to your purchase of Ritas™ Brand Products during the Class Period of January 1, 2018, through Month DD, 20YY);

- A list of any other Objections submitted by you, or your lawyer, to any class actions in any state or federal court in the United States in the previous five (5) years (or affirmatively stating that no such prior Objection has been made); and

- Your signature, in addition to the signature of your lawyer, if any.

Your Objection must be submitted to the Court by (1) filing it in person at any location of the United States District Court for the Western District of Missouri or via the ECF electronic filing system with the Court or (2) by mailing it via U.S. Mail to the Court **postmarked** by **Month DD, 20YY**, to the following address:

Clerk of Court
United States District Court
Western District of Missouri – Western Division
Charles Evans Whittaker U.S. Courthouse
400 E. 9th St.
Kansas City, MO 64106

If you file a timely Objection, it will be considered by the Court at the Final Approval Hearing. You do not need to attend the Final Approval Hearing for the Court to consider your Objection.

Settlement Class Members who submit a valid and timely Request for Exclusion may only object to the Injunctive Relief component of the Settlement.

## 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you disagree with something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.

# YOUR RIGHTS – APPEARING AT THE FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

## 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **Month DD, 20YY**, at XX:XX x.m., in courtroom ___ at Charles Evans Whittaker U.S. Courthouse, 400 E. 9th St., Kansas City, MO 64106. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair,

Questions? Visit www.xxxxxxxxxxx.com or Call 1-xxx-xxx-xxxx

16

Case 4:20-cv-00889-SRB   Document 64-1   Filed 07/18/22   Page 85 of 107

reasonable, adequate, and in the best interests of the Settlement Class and Injunctive Relief Class; to consider Class Counsel's request for attorneys' fees, costs and expenses; and to consider the request for Class Representative Service Awards. If there are Objections, the Court will consider them.

<u>Note</u>: The date and time of the Final Approval Hearing are subject to change by Court Order. Any change will be posted at www.xxxxxxxxxx.com. You should check the Settlement Website to confirm that the date and/or time have not changed. For instructions on accessing the hearing remotely visit the Settlement Website.

### 20. Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the Final Approval Hearing at your own expense. If you submit an Objection, you do not have to attend the hearing to talk about your Objection. If you submitted your Objection by the deadline, the Court will consider it. You may also pay your own lawyer to attend the hearing on your behalf, but it is not required.

### 21. May I speak at the Final Approval Hearing?

You or your lawyer may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your Objection to the Settlement a statement that it is your intent to appear at the Final Approval Hearing. Your Objection and notice of intent to appear must be submitted to the Court and **postmarked** by **Month DD, 20YY**.

# YOUR RIGHTS – DO NOTHING

### 22. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will be part of the Settlement Class but you will not get a cash Settlement Payment. Unless you request to exclude yourself from the Settlement, you will <u>not</u> be permitted to continue to assert claims about the issues in this case or subject to the Release in any other lawsuit against the Defendant ever again. If you are an Injunctive Relief Class Member, you will remain in the Injunctive Relief Class regardless of whether you do anything as part of the Settlement.

# GETTING MORE INFORMATION

### 23. Are there more details about the Settlement?

This Notice summarizes the Settlement. More details are available in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.xxxxxxxxxx.com, or by contacting Class Counsel.

### 24. How do I get more information?

You can call toll-free 1-xxx-xxx-xxxx, write to Browning v. Anheuser-Busch Settlement, PO Box xxxx, Portland, OR 972xx-xxxx; or go to www.xxxxxxxxxx.com, where you will find answers to common questions about the Settlement, a Claim Form, the Settlement Agreement, motions for approval of the Settlement and Class Counsel's request for attorneys' fees, costs, and expenses (once it is filed), and other important documents in the case. You may also contact Class Counsel (see contact information in Question 13).

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS**

**Questions? Visit www.xxxxxxxxxx.com or Call 1-xxx-xxx-xxxx**
16

Case 4:20-cv-00889-SRB   Document 64-1   Filed 07/18/22   Page 86 of 107

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| MEGAN BROWNING, *et al.*, | CASE NO.: 20-cv-00889-SRB |
| Plaintiffs, | |
| v. | |
| ANHEUSER-BUSCH, LLC, | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiffs Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro ("Plaintiffs" or "Class Representatives")[1], individually and as representatives of a classes defined below, and Defendant Anheuser-Busch, LLC ("A-B") (collectively with the Plaintiffs, the "Parties") have entered into a "Settlement Agreement," which, if approved, would resolve the above-captioned class action (the "Action");

WHEREAS, Plaintiffs have filed a motion for preliminary approval of the proposed settlement, and the Court has reviewed and considered the motion, the supporting brief, the Settlement Agreement, and all exhibits attached thereto, including all forms of Notice and the Notice Plan.

**THE COURT HEREBY GRANTS PRELIMINARY APPROVAL AND ORDERS THAT**:

1.     There is sufficient basis for granting preliminary approval of the Settlement,

---

[1] Unless otherwise noted, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

certifying the Settlement Class and Injunctive Relief Class for settlement purposes, preliminarily appointing Dollar, Burns, Becker, & Hershewe L.C. and Faruqi & Faruqi, LLP as Class Counsel, and Plaintiffs as Class Representatives for settlement purposes; approving the form and manner of notice and authorizing the dissemination of notice; appointing Epiq as the Settlement Administrator; and scheduling a Final Approval Hearing and related events.

2. The monetary and injunctive relief provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be provided to members of the Settlement Class and Injunctive Relief Class is fair, reasonable, adequate, considering, *inter alia*, the total value of the Settlement Class' and Injunctive Relief Class' claims compared to: (i) the disputed factual and legal circumstances of the Action; (ii) affirmative defenses asserted in the Action; and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties all support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. Further, as demonstrated below, this Court finds that the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(e) and the criteria articulated in *Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988).

3. Pursuant to the Settlement Agreement, the "Settlement Class" means:

All persons who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S. during the Class Period. Excluded from the Settlement Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their

immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any Persons who timely opt-out of the Settlement Class.

4.     Pursuant to the Settlement Agreement, "Injunctive Relief Class" means:

All persons who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018 through 60 days following the Effective Date. Excluded from the Injunctive Relief Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family.

5.     The "Ritas™ Brand Products" are any packaged (bottles or cans, and including single-serve) Ritas™ brand Margarita, Spritz, or Fizz Product, or any variety pack containing any of the foregoing products, except that Ritas™ Brand Products as used in this Settlement Agreement specifically excludes any Ritas™ Brand Products that are already in compliance with the labeling and packaging changes set forth in Paragraphs 84-85 of the Settlement Agreement.

6.     The Court finds that the proposed Settlement Class and Injunctive Relief Class meet the requirements of Rule 23(a) and 23(b)(2)-(3), satisfying the requirements of class certification.

      a.  **Numerosity.**  Rule 23(a)(1)'s numerosity requirement is met, evidenced in part by the fact that email addresses exist for more than 150,000 class members. *Cooper v. Integrity Home Care, Inc.*, No. 4:16-CV-1293-DGK, 2018 WL 3468372, at *5 (W.D. Mo. July 18, 2018).

      b.  **Commonality and Predominance.** The Court finds that there are questions of law and fact common to the Settlement Class and Injunctive Relief Class.

One common question of fact is whether the representations made on the Ritas™ Brand Products' packaging is likely to deceive a reasonable consumer. *Claxton v. Kum & Go, L.C.*, No. 6:14-CV-03385-MDH, 2015 WL 3648776, at *3 (W.D. Mo. June 11, 2015). As such, the Rule 23(a)(2) commonality requirement is satisfied. Moreover, the Court finds that the common question regarding whether reasonable consumers are likely to be misled, as well as other common questions, predominate over individual issues in this case, satisfying Rule 23(b)(3)'s predominance requirement for the Settlement Class.[2]

c. The Court finds that members of the proposed Settlement Class and Injunctive Relief Class were subjected to the same labeling and packaging practices as Plaintiffs when they all purchased the Ritas™ Brand Products with the same alleged misrepresentations, and any economic injury suffered as a result would be common amongst the proposed Settlement Class because the Ritas™ Brand Products uniformly did not contain distilled spirits or wine. As such, Rule 23(a)(3)'s typicality requirement is satisfied.

---

[2] The Court finds that the superiority requirement under Rule 23(b)(3) is also satisfied. In this case "class treatment is superior to other options for resolution of the controversy because the relief sought for each proposed Settlement Class member is small, such that, absent representative litigation, it would be infeasible for members to redress the wrongs done to them." *Rawa v. Monsanto Co.*, No. 4:17CV01252 AGF, 2018 WL 2389040, at *6 (E.D. Mo. May 25, 2018). For the same reason, class members have "little incentive to individually control the prosecution." *Claxton*, 2015 WL 3648776, at *5. Moreover, it is desirable to concentrate litigation in this forum, *see* Fed. R. Civ. P. 23(b)(3)(C), because A-B's principal place of business is in this State, and a substantial part of the events giving rise to the claims occurred in this State. Additionally, this Court now has substantial familiarity with the claims and defenses.

d.   The Court finds that Plaintiffs have retained counsel competent and experienced in the prosecution of class actions, and that neither Plaintiffs nor their counsel have any conflicts with the Settlement Class and Injunctive Relief Class they seek to represent, satisfying Rule 23(a)(4)'s adequacy requirement.

e.   Although not an explicit requirement, the Court finds that the class is adequately defined and clearly ascertainable. A class is ascertainable when its members may be identified by reference to objective criteria. *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992 (8th Cir. 2016). Here, the Settlement Class and Injunctive Relief Class are adequately defined and clearly ascertainable based on objective criteria – whether they have purchased one of the Ritas™ Brand Products at issue during a defined period of time. *See In re Pre-Filled Propane Tank Antitrust Litig.,* No. 14-02567-MD-W-GAF, 2019 WL 7160380, at *3 (W.D. Mo. Nov. 18, 2019).

f.   Lastly, Rule 23(b)(2) permits the court to certify a class where the party against whom the relief is sought "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole[.]" Because A-B continues to market and sell the Ritas™ Brand Products with the allegedly deceptive packaging, A-B has "acted . . . on grounds that apply generally to the class . . . ." such that injunctive relief is appropriate. As such, conditional certification of the Injunctive Relief Class under Rule 23(b)(2) is warranted.

7.      If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class and Injunctive Relief Class shall be vacated, the Parties shall revert to their positions in the Action as they existed prior to the Settlement Agreement.

8.      The Court preliminarily appoints the law firms of Dollar, Burns, Becker, & Hershewe L.C. and Faruqi & Faruqi, LLP as Class Counsel and Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro as Class Representatives.

9.      The Parties have jointly selected a reputable settlement administrator, Epiq, to serve as the Settlement Administrator. The Court hereby appoints and authorizes Epiq to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

10.     The Court hereby approves the form and procedures for disseminating notice of the proposed settlement to the Settlement Class and Injunctive Relief Class as set forth in the Settlement Agreement. The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice Plan complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class and Injunctive Relief Class of the pendency of this Action, the terms of the Settlement Agreement. Further, it apprises members of the Settlement Class and Injunctive Relief Class of their right to object to the Settlement, to exclude themselves from the Settlement Class, or object to the form of injunctive relief. The Court also finds that the Notice Plan constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of due process.

11.     Settlement Class members who wish to receive payment under the Settlement Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained in the Settlement Agreement and the forms of Class Notice. All Claim Forms must be postmarked or electronically submitted by _____ ("Claims Deadline").

12.     Any Settlement Class member shall have the right to opt out of the Class and the settlement by sending a written Request for Exclusion to the Settlement Administrator, postmarked no later than _____ (the "Objection/Exclusion Deadline"), and following the procedures set forth in the Settlement Agreement at Paragraph 111. Class members may not opt out of the Injunctive Relief Class.

13.     Any Settlement Class member who does not submit a timely and valid Request for Exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

14.     Any Settlement Class or Injunctive Relief Class member who intends to object to the settlement must do so by written submission to the Court, must be postmarked or submitted no later than the Objection/Exclusion Deadline, and must follow the procedures set forth in the Settlement Agreement at Paragraph 106.

15.     Settlement Class or Injunctive Relief Class members who fail to submit timely written objections in compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement and to any of the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should

be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payments of Class Representative Service Awards to the Class Representatives.

16.     The Court will hold a Final Approval Hearing on _____ to address the final approval of the Settlement Agreement and the Fee Application. The Final Approval Hearing shall be before the undersigned judge at the United States District Court Western District of Missouri – Western Division, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th St. Kansas City, MO 64106. At the Final Approval Hearing, the Court will consider: (i) whether the settlement should be approved as fair, reasonable, and adequate for the Class; (ii) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether the Fee Application should be granted.

17.     The following schedule shall govern Final Approval and related events and deadlines, pursuant to the Settlement Agreement:

| Event | Date/Deadline |
|---|---|
| Preliminary Approval Order | _____ |
| Parties to Provide Settlement Administrator with list of all Persons with Direct Notice Contact Information | _____ [Within 10 calendar days after Preliminary Approval Order] |
| Settlement Website and Toll-Free Telephone Support To Be Created | _____ [Within 30 calendar days after Preliminary Approval Order] |
| Direct Notice Emailed | _____ [30 days after Preliminary Approval Order ("Notice Date")] |
| Print Publication | _____ [No sooner than 30 days after Preliminary Approval Order] |
| Internet Publication Notice | _____ |

| | No sooner than 30 days after Preliminary Approval Order] |
|---|---|
| Motion for Final Approval Due | _____ [35 days before Final Approval Hearing] |
| Fee Application Due | _____ [35 days before Final Approval Hearing] |
| Objection/Exclusion Deadline | _____ [21 days before Final Approval Hearing] |
| Parties' Response to Any Objection Due | _____ [7 days before Final Approval Hearing] |
| Final Approval Hearing | _____ |
| Claims Deadline | _____ [120 days after Notice Date] |

18.     The Court may, for good cause, extend any of the deadlines set forth in this Order without further written notice.

19.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement

20.     The Court hereby retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the releases provided for in the Settlement Agreement.

21.     If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each Party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

9

21.    In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then: (a) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, costs and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (b) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (c) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (d) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

22.    The Parties may make any ministerial changes to documents to comport with the Settlement Agreement and this Order.

SO ORDERED this ___ day of _____ 2022.


_____
HON. STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

# EXHIBIT 6

# If You Purchased Ritas™ Brand Products, You May Be Eligible to Receive a Partial Refund from a Class Action Settlement.

A Settlement has been reached in a class action lawsuit filed against Defendant Anheuser-Busch, LLC regarding Ritas™ Brand Products for alleged violations of false advertising laws for allegedly implying that that Ritas™ Brand Products contain certain distilled spirits (such as tequila) and/or wine when they do not. The Defendant denies all allegations and has settled this lawsuit to avoid further litigation. The Court has not decided who is right. If you purchased one or more Ritas™ Brand Products for personal consumption, and not for resale, from January 1, 2018 through [Date], you are included in the Settlement and may be eligible to receive a partial refund of up to $9.75 without proof of purchase, or $21.75 if you do have proof of your purchases. However, if you want to receive a payment from the Settlement, you must file a claim. To see a list of the Ritas™ Brand Products, or to file a claim, please visit www.xxxxxxxxxxx.com.

The deadline to file a claim is **MONTH DAY, 20XX**. You can also download a paper claim from the website or by calling the phone number below. If you do not want to be bound by the Settlement you must exclude yourself by **MONTH DAY, 20XX**. If you do not exclude yourself, you may object to the Settlement by **MONTH DAY, 20XX**. The Court will hold a Final Approval Hearing on **MONTH DAY, 20XX**, to determine whether to approve the Settlement as fair, reasonable, and adequate.

This notice is only a short summary of the lawsuit and your rights. Detailed information about the claims in the lawsuit, the Defendants' reply and all of your rights if you are a Class Member is available at www.xxxxxxxxxxx.com or by calling toll-free 1-XXX-XXX-XXXX.



# EXHIBIT 7



LIME
-A-
RITA.
SPARKLING
MARGARITA

RITAS™

MALT BEVERAGE WITH NATURAL FLAVORS
AND CARAMEL COLOR ADDED

8.0%
ALC./VOL.

12 FL. OZ.
CONTAINS
ALCOHOL

GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS. (2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY CAUSE HEALTH PROBLEMS.

PER 12 FL. OZ. AVERAGE ANALYSIS: CALORIES 330, CARBOHYDRATES 43.7g, PROTEIN 0.0g, FAT 0.0g. • TAPINTOYOURBEER.COM
QUESTIONS/COMMENTS 1-800-DIAL BUD
ANHEUSER-BUSCH, ST. LOUIS, MO

CA CRV

FPO

# EXHIBIT 8







# EXHIBIT 9



## STRAW-BER-RITA

Sweet, it's Straw-Ber-Rita! This tasty margarita is red not just because strawberries are red, but also because red is the color of love...and you'll love this strawberry sweetness flavor. #HAVEARITA

ALCOHOL
**8%** BY VOLUME

CALORIES
**297** PER 12 FL. OZ.

FAT
**0g** PER 12 FL. OZ.

CARBS
**35.4g** PER 12 FL. OZ.

View Disclaimer

*Does not contain distilled spirits.

# EXHIBIT 10

## ACKNOWLEDGMENT & GUARANTEE AS TO ATTORNEYS' FEES AND COSTS

The undersigned acknowledge and agree as follows on behalf of their respective firms, Faruqi & Faruqi, LLP and Dollar, Burns, Becker, & Hershewe, L.C. (the "Firms"). The undersigned have read the Settlement Agreement entered into by the parties in the case captioned *Browning, et. al., v. Anheuser-Busch, LLC*, No. 20-cv-00889-SRB, and understand its terms. The undersigned represent and warrant that they are authorized to execute this agreement on their respective Firms' behalf and to bind their respective Firms to the obligations set forth herein, and the undersigned make this Acknowledgment & Guarantee on behalf of their respective Firms.

The undersigned understand and agree that any amount received by the Firms in attorneys' fees and costs pursuant to the Settlement Agreement is subject to repayment to Anheuser-Busch, LLC ("A-B") in the event that Final Approval of the Settlement is overturned on appeal (if any) or if the Fee Award is overturned or reduced on appeal (if any). In the event Final Approval or the Fee Award are overturned, within forth-five (45) days of receiving written notice from A-B, the Firms will reimburse to A-B all sums received by the Firms as attorneys' fees and costs pursuant to the Settlement Agreement. In the event the Fee Award is reduced, within forth-five (45) days of receiving written notice from A-B, the Firms will reimburse to A-B the amount the Fee Award is reduced by. By receiving any such sums, the Firms submit to the jurisdiction of the United States District Court for the Western District of Missouri for the enforcement of, and any and all disputes relating to or arising out of, the reimbursement obligations set forth herein and the Settlement Agreement. The Firms further agree to indemnify, defend, and hold harmless, A-B and its attorneys from any and all claims and disputes of any kind relating to A-B's payment of attorneys' fees to the Firms and/or other attorneys' fees for the Plaintiffs pursuant to the Settlement Agreement.

By: _Tim Dollar_

Tim E. Dollar

Firm: Dollar, Burns, Becker, & Hershewe, L.C.

Date: _7-18-22_

By: _Timothy J. Peter_

Timothy J. Peter

Firm: Faruqi & Faruqi, LLP

Date: _7/18/22_