UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MEGAN BROWNING, *et al.*,

    Plaintiffs,

v.

ANHEUSER-BUSCH, LLC,

    Defendant.

CASE NO.: 20-cv-00889-SRB

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiffs Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro ("Plaintiffs" or "Class Representatives")[1], individually and as representatives of a classes defined below, and Defendant Anheuser-Busch, LLC ("A-B") (collectively with the Plaintiffs, the "Parties") have entered into a "Settlement Agreement," which, if approved, would resolve the above-captioned class action (the "Action");

WHEREAS, Plaintiffs have filed a motion for preliminary approval of the proposed settlement, and the Court has reviewed and considered the motion, the supporting brief, the Settlement Agreement, and all exhibits attached thereto, including all forms of Notice and the Notice Plan.

**THE COURT HEREBY GRANTS PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (DOC. #63) AND ORDERS THAT**:

---

[1] Unless otherwise noted, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement.

1. There is sufficient basis for granting preliminary approval of the Settlement, certifying the Settlement Class and Injunctive Relief Class for settlement purposes, preliminarily appointing Dollar, Burns, Becker, & Hershewe L.C. and Faruqi & Faruqi, LLP as Class Counsel, and Plaintiffs as Class Representatives for settlement purposes; approving the form and manner of notice and authorizing the dissemination of notice; appointing Epiq as the Settlement Administrator; and scheduling a Final Approval Hearing and related events.

2. The monetary and injunctive relief provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be provided to members of the Settlement Class and Injunctive Relief Class is fair, reasonable, adequate, considering, *inter alia*, the total value of the Settlement Class' and Injunctive Relief Class' claims compared to: (i) the disputed factual and legal circumstances of the Action; (ii) affirmative defenses asserted in the Action; and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties all support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise. Further, as demonstrated below, this Court finds that the Settlement Agreement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(e) and the criteria articulated in *Van Horn v. Trickey*, 840 F.2d 604 (8th Cir. 1988).

3. Pursuant to the Settlement Agreement, the "Settlement Class" means:

> All persons who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S. during the Class Period. Excluded from the Settlement Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to

the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any Persons who timely opt-out of the Settlement Class.

4. Pursuant to the Settlement Agreement, "Injunctive Relief Class" means:

All persons who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018 through 60 days following the Effective Date. Excluded from the Injunctive Relief Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family.

5. The "Ritas™ Brand Products" are any packaged (bottles or cans, and including single-serve) Ritas™ brand Margarita, Spritz, or Fizz Product, or any variety pack containing any of the foregoing products, except that Ritas™ Brand Products as used in this Settlement Agreement specifically excludes any Ritas™ Brand Products that are already in compliance with the labeling and packaging changes set forth in Paragraphs 84-85 of the Settlement Agreement.

6. The Court finds that the proposed Settlement Class and Injunctive Relief Class meet the requirements of Rule 23(a) and 23(b)(2)-(3), satisfying the requirements of class certification.

   a. **Numerosity.** Rule 23(a)(1)'s numerosity requirement is met, evidenced in part by the fact that email addresses exist for more than 150,000 class members. *Cooper v. Integrity Home Care, Inc.*, No. 4:16-CV-1293-DGK, 2018 WL 3468372, at *5 (W.D. Mo. July 18, 2018).

b. **Commonality and Predominance.** The Court finds that there are questions of law and fact common to the Settlement Class and Injunctive Relief Class. One common question of fact is whether the representations made on the Ritas™ Brand Products' packaging is likely to deceive a reasonable consumer. *Claxton v. Kum & Go, L.C.*, No. 6:14-CV-03385-MDH, 2015 WL 3648776, at *3 (W.D. Mo. June 11, 2015). As such, the Rule 23(a)(2) commonality requirement is satisfied. Moreover, the Court finds that the common question regarding whether reasonable consumers are likely to be misled, as well as other common questions, predominate over individual issues in this case, satisfying Rule 23(b)(3)'s predominance requirement for the Settlement Class.[2]

c. The Court finds that members of the proposed Settlement Class and Injunctive Relief Class were subjected to the same labeling and packaging practices as Plaintiffs when they all purchased the Ritas™ Brand Products with the same alleged misrepresentations, and any economic injury suffered as a result would be common amongst the proposed Settlement Class

---

[2] The Court finds that the superiority requirement under Rule 23(b)(3) is also satisfied. In this case "class treatment is superior to other options for resolution of the controversy because the relief sought for each proposed Settlement Class member is small, such that, absent representative litigation, it would be infeasible for members to redress the wrongs done to them." *Rawa v. Monsanto Co.*, No. 4:17CV01252 AGF, 2018 WL 2389040, at *6 (E.D. Mo. May 25, 2018). For the same reason, class members have "little incentive to individually control the prosecution." *Claxton*, 2015 WL 3648776, at *5. Moreover, it is desirable to concentrate litigation in this forum, *see* Fed. R. Civ. P. 23(b)(3)(C), because A-B's principal place of business is in this State, and a substantial part of the events giving rise to the claims occurred in this State. Additionally, this Court now has substantial familiarity with the claims and defenses.

because the Ritas™ Brand Products uniformly did not contain distilled spirits or wine. As such, Rule 23(a)(3)'s typicality requirement is satisfied.

d. The Court finds that Plaintiffs have retained counsel competent and experienced in the prosecution of class actions, and that neither Plaintiffs nor their counsel have any conflicts with the Settlement Class and Injunctive Relief Class they seek to represent, satisfying Rule 23(a)(4)'s adequacy requirement.

e. Although not an explicit requirement, the Court finds that the class is adequately defined and clearly ascertainable. A class is ascertainable when its members may be identified by reference to objective criteria. *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992 (8th Cir. 2016). Here, the Settlement Class and Injunctive Relief Class are adequately defined and clearly ascertainable based on objective criteria – whether they have purchased one of the Ritas™ Brand Products at issue during a defined period of time. *See In re Pre-Filled Propane Tank Antitrust Litig.,* No. 14-02567-MD-W-GAF, 2019 WL 7160380, at *3 (W.D. Mo. Nov. 18, 2019).

f. Lastly, Rule 23(b)(2) permits the court to certify a class where the party against whom the relief is sought "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole[.]" Because A-B continues to market and sell the Ritas™ Brand Products with the allegedly deceptive packaging, A-B has "acted . . . on grounds that apply generally to the class

. . . ." such that injunctive relief is appropriate. As such, conditional certification of the Injunctive Relief Class under Rule 23(b)(2) is warranted.

7. If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class and Injunctive Relief Class shall be vacated, the Parties shall revert to their positions in the Action as they existed prior to the Settlement Agreement.

8. The Court preliminarily appoints the law firms of Dollar, Burns, Becker, & Hershewe L.C. and Faruqi & Faruqi, LLP as Class Counsel and Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro as Class Representatives.

9. The Parties have jointly selected a reputable settlement administrator, Epiq, to serve as the Settlement Administrator. The Court hereby appoints and authorizes Epiq to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

10. The Court hereby approves the form and procedures for disseminating notice of the proposed settlement to the Settlement Class and Injunctive Relief Class as set forth in the Settlement Agreement. The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice Plan complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class and Injunctive Relief Class of the pendency of this Action, the terms of the Settlement Agreement. Further, it apprises members of the Settlement Class and Injunctive Relief Class of their right to object to the Settlement, to exclude themselves from the Settlement Class, or object to the form of injunctive

relief. The Court also finds that the Notice Plan constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of due process.

11. Settlement Class members who wish to receive payment under the Settlement Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained in the Settlement Agreement and the forms of Class Notice. All Claim Forms must be postmarked or electronically submitted by December 16, 2022 ("Claims Deadline").

12. Any Settlement Class member shall have the right to opt out of the Class and the settlement by sending a written Request for Exclusion to the Settlement Administrator, postmarked no later than November 25, 2022 (the "Objection/Exclusion Deadline"), and following the procedures set forth in the Settlement Agreement at Paragraph 111. Class members may not opt out of the Injunctive Relief Class.

13. Any Settlement Class member who does not submit a timely and valid Request for Exclusion shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

14. Any Settlement Class or Injunctive Relief Class member who intends to object to the settlement must do so by written submission to the Court, must be postmarked or submitted no later than the Objection/Exclusion Deadline, and must follow the procedures set forth in the Settlement Agreement at Paragraph 106.

15. Settlement Class or Injunctive Relief Class members who fail to submit timely written objections in compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement and to any

of the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payments of Class Representative Service Awards to the Class Representatives.

16. The Court will hold a Final Approval Hearing on December 2, 2022 at 9:30 AM to address the final approval of the Settlement Agreement and the Fee Application. The Final Approval Hearing shall be before the undersigned judge at the United States District Court Western District of Missouri – Western Division, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th St. Kansas City, MO 64106. At the Final Approval Hearing, the Court will consider: (i) whether the settlement should be approved as fair, reasonable, and adequate for the Class; (ii) whether a judgment granting approval of the settlement and dismissing the lawsuit with prejudice should be entered; and (iii) whether the Fee Application should be granted.

17. The following schedule shall govern Final Approval and related events and deadlines, pursuant to the Settlement Agreement:

| **Event** | **Date/Deadline** |
|---|---|
| Preliminary Approval Order | _____July 19, 2022_____ |
| Parties to Provide Settlement Administrator with list of all Persons with Direct Notice Contact Information | _____July 29, 2022_____ [Within 10 calendar days after Preliminary Approval Order] |
| Settlement Website and Toll-Free Telephone Support to Be Created | _____August 18, 2022_____ [Within 30 calendar days after Preliminary Approval Order] |
| Direct Notice Emailed | _____August 18, 2022_____ [30 days after Preliminary Approval Order ("Notice Date")] |

| | |
|---|---|
| Print Publication | August 18, 2022<br>[No sooner than 30 days after Preliminary Approval Order] |
| Internet Publication Notice | August 18, 2022<br>No sooner than 30 days after Preliminary Approval Order] |
| Motion for Final Approval Due | October 28, 2022<br>[35 days before Final Approval Hearing] |
| Fee Application Due | October 28, 2022<br>[35 days before Final Approval Hearing] |
| Objection/Exclusion Deadline | November 11, 2022<br>[21 days before Final Approval Hearing] |
| Parties' Response to Any Objection Due | November 25, 2022<br>[7 days before Final Approval Hearing] |
| Final Approval Hearing | December 2, 2022 at 9:30 AM |
| Claims Deadline | December 16, 2022<br>[120 days after Notice Date] |

18. The Court may, for good cause, extend any of the deadlines set forth in this Order without further written notice.

19. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement

20. The Court hereby retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the releases provided for in the Settlement Agreement.

21. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each Party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

21. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then: (a) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, costs and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (b) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (c) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (d) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

22. The Parties may make any ministerial changes to documents to comport with the Settlement Agreement and this Order.

SO ORDERED this 19th day of September 2022.

                                                    /s/ Stephen R. Bough
                                                    HON. STEPHEN R. BOUGH
                                                    UNITED STATES DISTRICT JUDGE