# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| MEGAN BROWNING, ALLEN KESSELRING, TANYA COOPER, JOSEPH ROSE, TERRI COLE, and JUDY SCATURRO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>Defendant. | Case No. 4:20-CV-00889-SRB |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASSES, AWARDING ATTORNEYS' FEES AND COSTS, APPROVING SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

On December 19, 2022, a fairness hearing was held before this Court to determine: (a) whether the proposed Settlement should be granted final approval as fair, reasonable, and adequate; (b) whether the proposed Settlement Class and Injunctive Relief Class (collectively, the "Classes") should be certified for settlement purposes; (c) whether Class Counsel's application for attorneys' fees and expenses and service awards for the Plaintiffs should be granted; and (d) whether a final judgment granting approval of the Settlement and dismissing the Action with prejudice should be entered.

Having duly considered all papers filed and arguments presented, IT IS HEREBY ORDERED and ADJUDGED as follows:

1. Unless defined herein, all defined terms in this Final Approval Order and any accompanying Judgment shall have the respective meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Classes.

3. The Court preliminarily approved the Settlement Agreement and entered the Preliminary Approval Order on July 19, 2022, which was amended on August 1, 2022.

**Notice**

4. Notice was disseminated under the terms of the Preliminary Approval Order.

5. The Court has determined that the Notice given to the Classes, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Classes of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the Notice given to the Classes was adequate and reasonable.

6. Members of the Classes received notice of: (a) the pendency of the Action; (b) the terms of the proposed Settlement, including the Release; (c) their rights under the proposed Settlement, including how to receive the benefits offered by the Settlement; (d) Settlement Class Members' right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses and service awards to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Class.

7. The Court also finds that the appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, and that ninety (90) days have passed without comment or objection from any governmental entity.

**Approval Of The Settlement**

8. The Court grants final approval to the proposed Settlement.

9. Factors supporting the Court's order granting final approval to this Settlement include:

    a. The Settlement was the product of arm's-length negotiations conducted in good faith among experienced counsel, with no evidence of collusion. The Settlement was reached after extensive negotiations including two mediation sessions.

    b. If the case did not settle, continued litigation would be time consuming, complicated and expensive. Settlement at this stage avoids the expenditure of the Parties' and the Court's resources.

    c. The reaction of the Classes has been favorable. Claims are being made and will continue until the Claims Deadline on December 16, 2022. Further speaking to the reaction of the Classes to the Settlement, only eight Settlement Class Members requested to be excluded from the Settlement, only four requests for exclusion were deemed to be valid, and no members of the Classes have objected to the Settlement despite extensive notice.

    d. The Parties have described to the Court the discovery and other information they have exchanged, and the Court finds that each side possessed sufficient information to assess both the strengths and weaknesses of Plaintiffs' claims and Defendant's defenses thereto.

    e. If the case had not settled, Plaintiffs faced considerable risks in maintaining certification of a litigation class and establishing damages. The Settlement

guarantees a result for the class and eliminates the risks that members of the Classes may not recover at all.

f. The benefits offered by the Settlement make it fair, reasonable, and adequate, factoring in the strengths and weaknesses of the case.

10. The Court held a hearing on December 19, 2022, at which time the Parties and members of the Classes were afforded the opportunity to be heard in support of or in opposition to the Settlement.

11. To the extent that objections were filed by Class Members, the Court has considered all objections and finds the objections do not counsel against approval of the Settlement Agreement, and the objections are hereby overruled in all respects.

12. The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the members of the Classes.

13. Accordingly, the Court hereby directs that the Settlement shall be implemented in accordance with the terms of the Agreement.

14. The terms of the Agreement, and of this Final Judgment and Order Approving Settlement, shall be forever binding on, and shall have *res judicata* and preclusive effect for the released claims in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members who did not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

15. Defendant is ordered to implement the terms and conditions of the Agreement, and to continue to honor the terms of the Settlement for all of those who submit a timely, valid Claim pursuant to the Agreement, and fulfill all other terms in accordance with the Settlement.

## Class Certification

16. The Court finds, for purposes of effectuating this Settlement only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied in that:

   a. The number of members of the Classes is so numerous that joinder of all members thereof is impracticable.

   b. There are questions of law and fact common to the Classes, including the meaning and importance of the alleged misrepresentations at issue to a reasonable consumer, and whether the representations made on the Products packaging is likely to deceive a reasonable consumer.

   c. The claims of the Court-appointed Class Representatives are similarly situated to absent Class members, and their claims are typical of the claims of the Classes they represent because they have alleged that they were subjected to the same labeling and packaging practices containing the same alleged misrepresentations, and any economic injury suffered as a result would be common amongst the Classes because the Products uniformly did not contain distilled spirits or wine.

   d. The Class Representatives have fairly and adequately represented the interests of the Classes and have no interests in conflict with the Classes.

   e. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members of the Classes.

f.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

g.  The Classes are ascertainable because the membership can be determined with reference to objective criteria, *i.e.*, whether a Class member bought the Products at issue.

17.  The Court grants final certification for purposes of settlement to the proposed Classes, defined as:

Settlement Class:

All persons who purchased for personal consumption, and not for resale, any of the Products in the U.S., during the Class Period. Excluded from the Settlement Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties, Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and any Persons who timely opt-out of the Settlement Class.

Injunctive Relief Class:

All persons who purchased for personal consumption, and not for resale, any Ritas™ Brand Product in the U.S., from January 1, 2018 through 60 days following the Effective Date. Excluded from the Injunctive Relief Class shall be the Honorable Stephen R. Bough, the Honorable Kenneth M. Karas, the Honorable Stanley Blumenfeld, Jr., the Honorable Howard Sachs, counsel to the Parties (and their respective law firms), Mediator Jack T. Bangert, and their employees, legal representatives, heirs, successors, assigns, or any member of their immediate family; any government entity; A-B, any entity in which A-B has a controlling interest, any of A-B's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family.

18.  There are only four class members who made timely and valid requests for exclusion.

19. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such Persons who satisfy the Class definitions above are Class Members bound by this Judgment and the Release set forth in the Agreement.

20. The Court reaffirms the appointment of Plaintiffs Megan Browning, Allen Kesselring, Tanya Cooper, Joseph Rose, Terri Cole, and Judy Scaturro as Class Representatives, and finds that they have adequately represented the Classes for purposes of entering into and implementing the Agreement.

21. The Court reaffirms the appointment Faruqi & Faruqi, LLP and Dollar, Burns, Becker, & Herschewe L.C., as counsel for the Classes ("Class Counsel").

22. The Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel, and finds that Class Counsel have adequately represented the Classes for purposes of entering into and implementing the Settlement Agreement.

**Attorneys' Fees**

23. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Classes.

24. The Court notes that the Settlement Agreement and the notice to the Classes provides that counsel may seek up an amount not to exceed $2,100,000.00 as attorneys' fees, costs and separately pay $2,500.00 to each Plaintiff as service awards, and that this amount was negotiated with Defendant only after the Parties reached an agreement on the other substantive terms of the Settlement.

25. Class Counsel moved for an award of $2,100,000.00 of attorneys' fees and costs as well as service awards for Plaintiffs on October 28, 2022.

26. After carefully considering Class Counsel's application, the Court awards Class Counsel the amount of $2,048,470.46 in attorneys' fees.

27. Factors supporting the Court's order granting Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards include:

    a. The time and labor expended by Class Counsel on behalf of the Classes;

    b. The complexity and risks of the litigation;

    c. The results achieved in this settlement including both monetary and injunctive relief;

    d. The quality of the representation;

    e. The contingent nature of the fee;

    f. The reasonableness of the requested fee under both the percentage method and the lodestar cross check; and

    g. The value of the litigation to the public.

28. The Court has reviewed and considered each firm's declaration in support of the Motion for fees and finds:

    a. The amount of hours expended by Class Counsel was reasonable in light of the litigation.

    b. The hourly rate requested for each counsel was reasonable and the Court approves these rates.

29. Defendant shall pay the awards to Class Counsel in accordance with and at the times prescribed by the Settlement Agreement.

**Expenses**

30. Class Counsel stated that they expended $51,529.54 during the pendency of this

litigation. The Court finds the expenses incurred by Class Counsel were advanced with no guarantee of recovery and were reasonably required to prosecute the case.

33. The Court grants Class Counsel's request for reimbursement of expenses in the amount of $51,529.54.

**Service Awards**

32. The Court finds the Plaintiffs served as adequate Class representatives and performed work on behalf of the absent members of the Classes.

33. The Court grants Plaintiffs' request for service awards in the amount of $2,500.00 to Plaintiff Megan Browning, $2,500.00 to Plaintiff Allen Kesselring, $2,500.00 to Plaintiff Tanya Cooper, $2,500.00 to Plaintiff Joseph Rose, $2,500.00 to Plaintiff Terri Cole, and $2,500.00 to Plaintiff Judy Scaturro. This amount shall also be paid in addition to the total fee award finally approved by the Court.

**Final Judgment**

34. Finding that no reason exists for delay in ordering final judgment the clerk is hereby directed to enter this Final Judgment forthwith.

35. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion are deemed to have completely released and forever discharged the Released Parties and each of them, from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or

potential, suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including and known or unknown claims, which they have or may claim now or in the future to have based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement of the Action and personal injury claims as excluded by the Settlement. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

36. The members of the Classes shall be enjoined from prosecuting any claim they have released in the Settlement Agreement and as set forth in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement Agreement or by the Final Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to the releases set forth in the Settlement Agreement and this Final Judgment.

37. This Final Judgment shall not be: (1) construed as an admission or concession by Defendant of the truth of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission or concession by the Classes as to any lack of merit of the claims or the Action.

38. The Settlement Agreement shall not constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Pursuant to Federal Rule of Evidence 408, the entering into

and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

39. Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

40. At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Defendant's Counsel and Class Counsel in their discretion without giving any additional notice to the Classes, provided that such modifications do not limit the rights of the members of the Classes under the Settlement Agreement.

41. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

42. This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

43. The Court expressly retains continuing and exclusive jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Order and Final Judgment, as well as all other matters relating to the administration and consummation of the Settlement and to interpret, implement, administer and

enforce the Settlement Agreement, in accordance with its terms, and to implement and complete the claims administration process, in accordance with the Settlement Agreement, for the benefit of the Classes. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

44. For the reasons set forth above, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. #69) and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs and Class Representative Service Awards (Doc. #71) are GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 19, 2022